No. 2--05--0926                                        filed 4/13/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KSAC CORPORATION, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--L--259 |
| | ) | |
| RECYCLE FREE, INC., | ) | Honorable |
| | ) | Margaret J. Mullen, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, KSAC Corporation, appeals from an order of the circuit court of Lake County granting the motion of defendant, Recycle Free, Inc., to dismiss for lack of personal jurisdiction. Plaintiff contends that defendant submitted to the trial court's jurisdiction by filing an appearance and jury demand and participating in discovery before asserting its jurisdictional objection. We disagree and therefore affirm.

On March 18, 2005, plaintiff filed a two-count complaint against defendant, seeking recovery for breach of contract and under an account-stated theory. On May 4, 2005, defendant filed an appearance and a jury demand. On June 28, 2005, defendant moved for an extension of time to file a motion to dismiss the suit, based on a lack of personal jurisdiction. The trial court granted the motion. On July 13, 2005, defendant moved to dismiss, asserting that it was a California corporation conducting business only in that state and that there was no basis for the trial court to exercise personal jurisdiction. Defendant also argued that its contract with plaintiff provided that any action

arising from the contract would be brought in California. Prior to filing the motion to dismiss, defendant had responded to a request to admit facts served by plaintiff. In response to defendant's motion to dismiss, plaintiff argued that defendant had waived the issue of personal jurisdiction by filing its appearance and jury demand and by responding to plaintiff's discovery request. The trial court granted the motion to dismiss and this appeal followed.

Initially, we note that when a trial court dismisses a complaint for lack of personal jurisdiction without conducting an evidentiary hearing, our review is de novo. Sullivan v. Kodsi, 359 Ill. App. 3d 1005, 1009 (2005).

Before 2000, a defendant seeking to appear before the trial court to contest the exercise of personal jurisdiction was obliged to file a special appearance pursuant to section 2--301(a) of the Code of Civil Procedure (Code), which provided:

"Prior to filing any other pleading or motion, a special appearance may be made *** for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." 735 ILCS 5/2--301(a) (West 1998).

It was well established that "any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction." Lord v. Hubert, 12 Ill. 2d 83, 87 (1957). A general appearance was held to waive all objections to personal jurisdiction and subject the party to the authority of the court. Pinnacle Arabians, Inc. v. Schmidt, 274 Ill. App. 3d 504, 508 (1995).

Section 2--301 was amended effective January 1, 2000 (see Pub. Act 91--145, eff. January 1, 2000), and currently provides, in pertinent part:

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2--619.1. ***

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2--301(a),(a-5) (West 2004).

The current version of section 2--301 differs from the earlier version in four significant ways. First, as we observed in Larochelle v. Allamian, 361 Ill. App. 3d 217, 220 (2005), the current version no longer requires or even provides for the filing of a special appearance to preserve a jurisdictional objection. Second, having eliminated the concept of a special appearance, the current version also no longer specifies that other appearances are "general appearances." Third, in its present form section 2--301 allows a defendant to combine a motion challenging jurisdiction with other motions seeking relief on different grounds; under the prior law, doing so would, in most cases, amount to a general appearance waiving the jurisdictional challenge. Finally, section 2--301 now contains an explicit waiver provision that is narrower than the prior rule that waiver occurred if a party made a general appearance. By its terms, the statute now provides for waiver of an objection based on personal jurisdiction only if the party files a responsive pleading or a motion (other than

one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection. Notably, there is no provision that a "general appearance," as such, results in waiver.

Curiously, the elimination of the special appearance seems to have gone unnoticed by some courts. Thus, decisions continue to speak of the need to file a special appearance to preserve an objection to personal jurisdiction (see In re Estate of Ahern, 359 Ill. App. 3d 805, 812 (2005)) and of the waiver of jurisdictional objections that results when a party makes a general appearance (see Haubner v. Abercrombie & Kent International, Inc., 351 Ill. App. 3d 112, 117-18 (2004)). In Haubner, the court held that a defendant waived a challenge to personal jurisdiction because it had previously served a request to admit facts on the plaintiffs. Haubner, 351 Ill. App. 3d at 118. The court noted that Supreme Court Rule 201(l) (Official Reports Advance Sheet No. 8 (April 17, 2002), R. 201(l), eff. July 1, 2002) provides that engaging in discovery relative to the question of personal jurisdiction does not waive the right to raise an objection based on personal jurisdiction. However, because the defendant's discovery request went beyond the question of personal jurisdiction, the court held that it amounted to a general appearance.

We believe the decisions in Ahern and Haubner are built on an obsolete legal framework. Professor Keith H. Beyler, who helped draft the current version of section 2--301, has written that the provision "eliminates the distinction between special appearances and general appearances." K. Beyler, The Death of Special Appearances, 88 Ill. B.J. 30, 32 (2000). The new law does not do away with the concept of the "appearance"--appearances remain significant for many purposes under the Code and the supreme court rules. 88 Ill. B.J. at 33. Thus, under the new law "defendants will make appearances in the Illinois courts but not special appearances and general appearances." (Emphasis added.) 88 Ill. B.J. at 33. Filing a written appearance and paying an appearance fee do

not waive an objection to personal jurisdiction, because neither of those acts involves a responsive pleading or a motion (which are the only kinds of acts that can cause a waiver under section 2--301 (a-5)). 88 Ill. B.J. at 33.

This court considered the current version of section 2--301 in Larochelle. In that case, the plaintiffs argued, inter alia, that one of the defendants, Oceanic Bank & Trust Company, Ltd. (Oceanic), waived the issue of personal jurisdiction by filing a general appearance. The plaintiffs acknowledged that the amendment to section 2--301 eliminated the requirement of a special appearance, but they maintained that a party was still required to object to jurisdiction before taking any other action. Although we stated that we agreed that "a defendant's first action must be to object to jurisdiction" (Larochelle, 361 Ill. App. 3d at 220), we explained that what that now meant was that "[a] party does not waive its objection to the court's jurisdiction over the party's person so long as the party objects to the court's jurisdiction before the party files a motion or other responsive pleading." Larochelle, 361 Ill. App. 3d at 220. We then observed that Oceanic's first motion, a motion for an extension of time and page length as to the impending motion to dismiss for lack of personal jurisdiction, did not qualify as a waiver. 735 ILCS 5/2--301(a-5) (West 2004). Finally, we rejected the plaintiffs' argument that filing an appearance resulted in waiver:

"Since section 2--301 no longer requires the filing of a special appearance *** (indeed, there is no longer any mention of a special appearance in the Code), we cannot conclude that the filing of a general appearance waives the issue of personal jurisdiction. Oceanic had to file some type of appearance; attorneys cannot just walk into court and seek involvement in a case without one." Larochelle, 361 Ill. App. 3d at 220.

In Larochelle, the plaintiffs also argued that Oceanic had submitted to the trial court's jurisdiction, because it had participated in a status conference that resulted in the entry of a

substantive discovery order against Oceanic. We rejected the argument on purely factual grounds, finding that the record did not show the nature of Oceanic's participation or that the order in question was necessarily entered against Oceanic.

In view of Larochelle, it is clear that in this case defendant did not waive its jurisdictional objection merely by filing its written appearance. It is true that, beyond filing a written appearance, defendant also made a jury demand and participated in discovery. However, neither action resulted in waiver.

The plain language of section 2--301(a-5) provides for waiver only if the defendant files a pleading or a motion (other than one seeking an extension of time to answer or otherwise appear). It is a basic rule of statutory interpretation that the language of a statute must be given its plain and ordinary meaning. U.S. Bank National Ass'n v. Clark, 216 Ill. 2d 334, 346 (2005). Moreover, when the General Assembly amends a statute by deleting certain language, it is presumed to have intended to change the law in that respect. Forest City Erectors v. Industrial Comm'n, 264 Ill. App. 3d 436, 440 (1994). In amending section 2--301, the General Assembly deleted language referring to actions that amount to a "general appearance." The change reflects a legislative intent to narrow the waiver rule that existed under prior law. To hold otherwise would render this aspect of the amendment nugatory.

A pleading "consists of a party's formal allegations of his claims or defenses," and a motion is "an application to the court for a ruling or an order in a pending case." In re Marriage of Wolff, 355 Ill. App. 3d 403, 407 (2005). Neither filing a jury demand nor responding to a discovery request fits the description of either a pleading or a motion. Accordingly, defendant's actions in this case did not result in waiver of its objection to personal jurisdiction.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GROMETER, P.J., and O'MALLEY, J., concur.