FIRST DIVISION
June 30, 2008

No. 1-07-1828

| | | |
|---|---|---|
| C.T.A.S.S.&U. FEDERAL CREDIT UNION, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| v. | ) | |
| | ) | |
| DOROTHY LEE JOHNSON, | ) | No. 01 M 1161304 |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Cronus Projects, LLC, | ) | Honorable |
| | ) | James A. Murray, |
| Intervening Plaintiff-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This appeal presents a novel issue arising under the amended section 2-301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-301 (West 2004)). We are asked to decide whether the statute, which abolished a procedural step linked to challenging personal jurisdiction (sometimes referred to as a special and limited appearance), now applies to postjudgment proceedings. We hold that although the statute may apply to motions filed in postjudgment proceedings, it does not confer jurisdiction retroactively. We affirm.

Plaintiff C.T.A.S.S.&U. Federal Credit Union filed a cause of action against defendant Dorothy Lee Johnson in 2002 to recover on a defaulted loan. Plaintiff moved for appointment of a special process server. The motion was granted and a special process server was appointed on March 12, 2002. The record shows that the process server served defendant on March 1, 2002,

before the appointment. The process server signed an affidavit saying he served defendant by giving the summons and copy of the complaint to defendant's sister at defendant's home. A copy of the complaint was also mailed to defendant. Defendant did not answer the complaint and a default judgment was entered against her on June 13, 2002, in the amount of $9,987.87.

A sheriff's sale of defendant's property was held on January 26, 2006, to collect on the judgment. Intervenor plaintiff, Cronus Projects, LLC (Cronus), was the highest bidder. The trial court confirmed the sale to Cronus on September 25, 2006.

Defendant filed emergency motions in January and February of 2007, to quash service of process, vacate the default judgment and vacate the sheriff's sale of her property. The trial court granted all three forms of relief. The court held it lacked personal jurisdiction over plaintiff because service of process was made before the special process server was appointed. The court also held that because this defect was apparent from the record, the sale of property could not be upheld under section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2002)). Plaintiff and Cronus (collectively, plaintiffs) joined in appealing the trial court order.

"It is essential to the validity of a judgment that the court have both jurisdiction of the subject matter of the litigation and jurisdiction over the parties." State Bank of Lake Zurich v. Thill, 113 Ill. 2d 294, 308, 497 N.E.2d 1156 (1986). Absent waiver, personal jurisdiction can only be had if the party is served with process in a manner prescribed by statute. Thill, 113 Ill. 2d at 308; see also 735 ILCS 5/2-301 (West 2002). A judgment by a court that fails to acquire personal jurisdiction is void and can be attacked at any time. Thill, 113 Ill. 2d at 308-09. We review *de novo* whether personal jurisdiction was conferred. See Commerce Trust Co. v. Air 1st

2

Aviation Cos., 366 Ill. App. 3d 135, 140, 851 N.E.2d 131 (2006).

Plaintiffs argue defendant waived personal jurisdiction by filing an emergency motion to vacate the sheriff's sale without first objecting to jurisdiction. They cite section 2-301 of the Code, which requires a party objecting to jurisdiction to make such objection before, or in conjunction with, a responsive pleading. 735 ILCS 5/2-301(a) (West 2004). Failure to due so results in waiver. 735 ILCS 5/2-301(a-5) (West 2004).

It has been the rule in Illinois that "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." In re Marriage of Verdung, 126 Ill. 2d 542, 547, 535 N.E.2d 818 (1989), citing J.C. Penney Co. v. West, 114 Ill. App. 3d 644, 647, 449 N.E.2d 188 (1983) (a general appearance made in a collateral proceeding attacking an earlier judgment does not confer personal jurisdiction retroactively). Plaintiffs argue the 2000 amendment to section 2-301 changes this result. Before 2000, a defendant seeking to challenge personal jurisdiction was required to file a special and limited appearance for that purpose. 735 ILCS 5/2-301 (West 1998). Failure to do so would result in a general appearance. 735 ILCS 5/2-301 (West 1998). "A general appearance was held to waive all objections to personal jurisdiction and subject the party to the authority of the court." KSAC Corp. v. Recycle Free, Inc., 364 Ill. App. 3d 593, 594, 846 N.E.2d 1021 (2006). The statute was amended in 2000. KSAC Corp., 364 Ill. App. 3d at 595. The statute now provides that a challenge to personal jurisdiction need not be made in a separate motion filed before any other responsive pleading. 735 ILCS 5/2-301 (West 2002). Although the amended statute still requires that the challenge be made "[p]rior to the filing of any other

pleading or motion other than a motion for an extension of time to answer or otherwise appear," it may now be included in a motion that seeks other forms of relief. 735 ILCS 5/2-301(a) (West 2002).

Although we agree with plaintiffs that the amendment to section 2-301 of the Code modified the method by which a defendant can challenge jurisdiction, we do not believe the amendment comes into play under the facts here. Assuming defendant submitted to the court's jurisdiction by filing an emergency motion to vacate the sheriff's sale without first moving to vacate for lack of jurisdiction, she could do so only prospectively. See Verdung, 126 Ill. 2d at 547; see also Mortgage Electronic Systems v. Gipson, No. 1-06-2363 (February 22, 2008), slip op. at 9-11 (a party who waives an objection to jurisdiction by filing a section 2-1401 motion does so only prospectively). Defendant's right to challenge the earlier court orders for lack of personal jurisdiction is not affected. See Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 103, 776 N.E.2d 195 (2002) (an order entered without jurisdiction may be challenged at any time).

There is no authority to support the argument advanced by plaintiffs that defendant's filing retroactively validated the earlier orders entered without jurisdiction. Section 2-301 has *never* been applied in a postjudgment proceeding to give a trial court retroactive jurisdiction or to validate orders entered without jurisdiction. Nor is there indication that the legislature intended to achieve this result when it amended section 2-301.

Although plaintiffs conceded at oral argument that service of process was defective and that the defect was apparent on the face of the record, we still address whether the defect

impacted Cronus's interest in the property since the issue was raised and argued in plaintiffs' joint brief.

Plaintiffs argue that service of process was not defective. Section 2-202 of the Code requires that private detectives serving process in Cook County be appointed by the trial court. 735 ILCS 5/2-202 (West 2002); Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc., 172 Ill. App. 3d 993, 996-98, 527 N.E.2d 693 (1988) (interpreting section 2-202). Plaintiffs concede that the private detective here served process *before* being appointed by the court. But they argue that strict compliance with the statute is not necessary and that the detective's later appointment sufficed to confer personal jurisdiction on the court. This argument is contrary to the well-established rule in Illinois that strict compliance with statutes governing service of process is required. Sarkissian, 201 Ill. 2d at 109; Thill, 113 Ill. 2d at 309. Strict compliance was not had here and service of process was defective on this ground. See ITT Thorp Corp. v. Hitesman, 115 Ill. App. 3d 202, 205-06, 450 N.E.2d 11 (1983) (court did not obtain personal jurisdiction over the defendant where process was served by someone other than the person specially appointed by the court).

Plaintiffs next argue that the sale of defendant's property can still be upheld under section 2-1401(e) of the Code. That statute reads:

"Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after

the entry of the order or judgment but before the filing of the petition, nor affect

any right of any person not a party to the original action under any certificate of

sale issued before the filing of the petition, pursuant to a sale based on the order or

judgment."  735 ILCS 5/2-1401(e) (West 2002).

"In determining whether a lack of jurisdiction is apparent from the record, we must look to the whole record, which includes the pleadings, the return on the process, the verdict of the jury, and the judgment or decree of the court."  Thill, 113 Ill. 2d at 313.  The record here shows that the special process server served process before being appointed to do so.  This was sufficient to notify Cronus of a potential jurisdictional defect.

The judgment of the circuit court is affirmed.

Affirmed.

WOLFSON and R.E. GORDON, JJ., concur.