# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632**

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff-Appellee, v. CAROLYN A. HALL-PILATE and JOHN J. PILATE, Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Docket No. 1-10-2632 |
| Rule 23 Order filed<br>Rehearing denied<br>Rule 23 Order withdrawn<br>Opinion filed | June 30, 2011<br>August 3, 2011<br><br>August 25, 2011<br>September 2, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In mortgage foreclosure proceedings, defendants waived their contention that the trial court lacked jurisdiction because they were not properly served with process and their motion to quash service was properly denied, where they appeared before a final judgment was entered and filed a motion for an emergency stay and they did not comply with the requirements of section 2-301 of the Code of Civil Procedure to preserve their jurisdictional challenge. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CH-24019; the Hon. Jesse G. Reyes, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Lloyd J. Brooks and Charles M. Howell, both of Brooks Law Firm, of Chicago, for appellants. |
| | Simon A. Fleischmann, Hugh S. Balsam, and Ryan M. Holz, all of Locke Lord Bissell & Liddell LLP, of Chicago, for appellee. |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion. Justices Garcia and R. Gordon concurred in the judgment and opinion. |

## OPINION

¶ 1     Plaintiff Deutsche Bank National Trust Company filed a mortgage foreclosure action against defendants Carolyn A. Hall-Pilate and John J. Pilate. The special process server executed two returns of service indicating that John Pilate was served with a summons and complaint for himself and on behalf of his wife, Carolyn Hall-Pilate. Several months after the entry of final judgment, defendants filed a motion to quash service, asserting that Pilate was out of state when the service of process occurred. The trial court denied the motion. On appeal, defendants argue that the trial court erred in denying their motion to quash service because defendants did not make any filings prior to the entry of the default judgment.

¶ 2     On August 31, 2007, plaintiff filed a complaint to foreclose a mortgage against defendants for property commonly known as 1227 East 169th Street, South Holland, Illinois, 60473. On September 3, 2007, Ed Tomaszek, the special process server, swore affidavits that he personally served John Pilate a copy of the summons and complaint at 7:35 a.m. on September 3, 2007 for himself and as substitute service for his wife, Carolyn Hall-Pilate, at the address 1227 East 169th Street in South Holland. He described Pilate as a black male between the ages of 46 and 50.

¶ 3     On February 4, 2008, plaintiff filed a motion for order of default against defendants. In the motion, plaintiff asserted that defendant had been served and no motion or answer had been filed by the defendants. On March 18, 2008, the trial court entered a continuance order because John Pilate had appeared *pro se* before the court and requested time to consult with an attorney. The order granted defendants 28 days to file an appearance and answer or otherwise plead to the complaint. Plaintiff's motion for default was continued for hearing to April 23, 2008.

¶ 4     On April 23, 2008, after defendants failed to file an appearance or any other motion, the trial court granted plaintiff's motion for default judgment. The court also entered orders appointing a foreclosure sale officer and for judgment for foreclosure and sale. On July 29,

2008, plaintiff filed a motion for an order approving the report of sale and distribution following a judicial sale which took place on July 25, 2008.

¶ 5        On September 12, 2008, an "additional" appearance was filed by the Law Offices of Ernesto D. Borges, P.C., as counsel for defendants. On that date, defendants' attorney filed an emergency motion to stay approval of the property sale. The motion stated that "this office has recently been retained by the defendants to determine the correct value of the mortgage and requests, in the alternative, time to examine the mortgage foreclosure documents as well as to determine the accuracy of the foreclosure amounts." On September 15, 2008, the trial court denied defendants' emergency motion for a stay. The court also entered an order approving the report of sale and distribution, confirming the sale and order of possession.

¶ 6        On May 29, 2009, defendants, represented by new attorneys, filed a motion to quash service. Defendants alleged that they were never served with process in this case. Defendants stated that at the date and time stated by the special process server Tomaszek, John Pilate was in Griffith, Indiana. He was performing in a recording session which began at 7:30 a.m. and ran until 12:30 p.m. Defendants attached two unsworn and undated affidavits in support. One affidavit was from John Pilate, in which he stated that he participated in recording sessions from September 1 to September 4, 2007, from 7:30 a.m. to 12:30 p.m. in Griffith, Indiana. Pilate further stated that he arrived early for each session at 7:15 a.m. The second affidavit was from Milton Hall. Hall stated that he was the executive director of the Educational Design Associates and the children's music education division contracted with Pilate to perform backup music. Hall stated that he acted as key carrier for the recording studio from September 1 to September 4, 2007, and Pilate was at the studio each day at 7:15 a.m. for recording sessions that ran from 7:30 a.m. to 12:30 p.m. Defendants also attached Pilate's contracts for the recording sessions. Since Pilate was not home at the time Tomaszek swore in his affidavit, then no personal service occurred in this case for Pilate and substitute service did not occur for Hall-Pilate. Defendants asked the trial court to quash service and vacate any and all orders entered against them.

¶ 7        On September 14, 2009, following briefing and a hearing, the trial court denied defendants' motion to quash service. On October 13, 2009, defendants filed a motion to reconsider the denial of their motion to quash service. In the motion, defendants alleged that the trial court erred in denying their motion to quash service. The parties fully briefed the motion to reconsider. On July 30, 2010, the trial court denied defendants' motion to reconsider with a written opinion.

¶ 8        In that opinion, the trial court found that "prior to contesting this court's jurisdiction, the Defendants engaged in several actions which acknowledged notice and appealed to the court's jurisdiction." The court noted Pilate's appearance on March 18, 2008, and his request for a continuance to obtain counsel and to respond or otherwise plead. Then, the court discussed the emergency motion to stay approval of the sale, which "was not a motion to extend time to answer, nor was it a motion to appear before the court. The Defendants gave no indication that there was any objection to the court's jurisdiction neither at the time the motion was filed nor during the hearing on the motion to stay before the court." The court held that defendants' emergency motion to stay the approval of the judicial sale was "a voluntary appeal for this court to exercise its jurisdiction over the Defendants and was a

waiver of their jurisdictional objection."

¶ 9    This appeal followed.

¶ 10    On appeal, defendants argue that the trial court erred in denying their motion to quash service because no filing was made by either defendant before the entry of the default judgment. Plaintiff responds that defendants waived their jurisdictional objections when they filed their emergency motion for stay the approval of a judicial sale prior to final judgment in the case.

¶ 11    Though the postjudgment motion to quash service did not indicate under what statutory authority the motion was filed, defendants agree on appeal that the motion was in essence a motion seeking relief from a final judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) as it sought relief from a final judgment more than 30 days from the judgment's entry. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). Generally, a section 2-1401 petition must show the existence of a meritorious defense to the original action and must show due diligence in bringing the petition. *Sarkissian*, 201 Ill. 2d at 103; see also 735 ILCS 5/2-1401(b), (c) (West 2008). However, the supreme court in *Sarkissian* held that pursuant to paragraph (f) of section 2-1401, the general rules for filing a section 2-1401 petition do not apply to petitions challenging a judgment on voidness grounds. *Sarkissian*, 201 Ill. 2d at 104. "Petitions brought on voidness grounds need not be brought within the two-year time limitation. Further, the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian*, 201 Ill. 2d at 104.

¶ 12    " '[A] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally.' " *Sarkissian*, 201 Ill. 2d at 103 (quoting *Barnard v. Michael*, 392 Ill. 130, 135 (1945)). Here, defendants' postjudgment motion to quash service contends that the trial court did not have jurisdiction over them and, thus, all orders entered by the court are void. "Review of a judgment on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void, shall be *de novo*." *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 716 (2010) (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)).

¶ 13    " 'It is essential to the validity of a judgment that the court have both jurisdiction of the subject matter of the litigation and jurisdiction over the parties.' " *C.T.A.S.S. & U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 910 (2008) (quoting *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986)). Unless a party waives personal jurisdiction, personal jurisdiction can only be acquired if a party is served with process in a manner prescribed under the statute. *Johnson*, 383 Ill. App. 3d at 910.

¶ 14    Section 2-301 of the Code of Civil Procedure governs challenges to personal jurisdiction. Section 2-301 states, in relevant part:

> "(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not

amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. Unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts.

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a), (a-5) (West 2008).

¶ 15     The cardinal rule in construing a statute, to which all others are subordinate, is to ascertain and give effect to the intent of the legislature. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). To determine legislative intent, we turn to the language of the statute, which is the best indicator of its intent. *Alvarez*, 229 Ill. 2d at 228. Under section 2-301, an objection to the court's jurisdiction must be raised in the first pleading or motion filed, other than a motion for an extension of time to answer or otherwise appear, but such objection may be raised alongside other motions seeking relief on different grounds. 735 ILCS 5/2-301(a), (a-5) (West 2008); *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006).

¶ 16     Defendants did not comply with the requirements of section 2-301 to preserve their objection to the trial court's jurisdiction because they filed a motion to stay the approval of the property sale without also challenging the court's jurisdiction. Here, Pilate personally appeared at the March 18, 2008, hearing on plaintiff's motion for default judgment and asked for a continuance on behalf of himself and his wife, Hall-Pilate. We point out that the record on appeal does not include a transcript of this hearing or any other hearings in this case. Our review is limited to the orders contained in the record. The order from March 18, 2008, stated that Pilate appeared *pro se* and requested time to consult with an attorney and ordered that defendants had 28 days to file an appearance and to answer or otherwise plead to the complaint. At the next hearing date of April 23, 2008, neither defendant appeared and nothing had been filed on their behalf. The trial court granted plaintiff's motion for default judgment and a judgment for foreclosure and sale. The judicial sale occurred on July 25, 2008.

¶ 17     Defendants made no further filings or appearances in the case until September 12, 2008. At that time, an attorney filed an additional appearance on their behalf and filed an emergency motion to stay the approval of the judicial sale. The motion acknowledged the prior default judgment, the sale of the property, and plaintiff's pending motion for approval of the sale. The motion requested a stay of the sale for the following reason: defendants' attorney had recently been retained "to determine the correct value of the mortgage and requests, in the alternative, time to examine the mortgage foreclosure documents as well as to determine the accuracy of the foreclosure amounts." The motion did not mention or raise any kind of objection as to the trial court's jurisdiction over either of the defendants nor did the motion seek an extension of time to answer or otherwise appear. The emergency motion

for a stay was denied and the court approved the judicial sale of the foreclosure property. Defendants did not take any further action in the case until eight months later when they, with new counsel, filed the motion to quash service.

¶ 18　　Defendants, by participating in the case without raising an objection to personal jurisdiction, voluntarily submitted to the trial court's jurisdiction and waived any objection. Defendants contend that the emergency motion for a stay was, in essence, a motion for extension of time to answer or otherwise appear. Defendants' only support for this assertion is the inclusion of the word "time" in the motion. However, when the entire motion is considered in context, it shows that defendants specifically sought a stay to assess the mortgage value and amounts, not an extension of time to answer the complaint or otherwise appear, the only type of motion permitted under section 2-301(a-5). Defendant's emergency motion was a motion seeking relief from the court and recognizing the court's jurisdiction. Section 2-301(a-5) makes it clear that any motion, apart from a motion for an extension of time to answer or otherwise appear, filed by the party contesting personal jurisdiction waives all jurisdictional objections. Defendants did not comply with section 2-301(a-5), and therefore, they waived their challenge to the trial court's jurisdiction.

¶ 19　　Defendants also assert that the waiver of personal jurisdiction does not apply to Hall-Pilate because she did not appear at the March 18 hearing. We are not persuaded as the relevant action by the defendants was the filing of the emergency motion for a stay which was filed on behalf of both defendants. Thus, Hall-Pilate, with her husband, sought relief from the trial court and waived any challenge to personal jurisdiction.

¶ 20　　Finally, defendants contend that any jurisdictional waiver cannot operate retroactively and note a conflict between two cases. In *Johnson*, the First District held that section 2-301 does not apply retroactively to any judgments entered prior to a jurisdictional waiver (*Johnson*, 383 Ill. App. 3d at 911-12) while the Second District in *GMB Financial Group, Inc. v. Marzano* concluded that failure to follow section 2-301(a-5) acts as a comprehensive waiver of all jurisdictional objections (*GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 993-94 (2008)). However, the instant case does not present a case of retroactive waiver. Here, the defendants filed an emergency motion to stay the approval of the judicial sale before a final judgment was entered. The supreme court has held that "[a] judgment ordering the foreclosure of a mortgage is not final and appealable until the court enters orders approving the sale and directing the distribution." *In re Marriage of Verdung*, 126 Ill. 2d 542, 555 (1989). The defendants' emergency motion sought to stay the trial court's entry of the final judgment.

¶ 21　　In contrast, the defendant in *Johnson* did not move to quash service until several months after the trial court entered a final judgment approving a judicial sale. *Johnson*, 383 Ill. App. 3d at 910. We also point out that in *Johnson*, the service of process was defective because the special process server served the summons and complaint on the defendant before the trial court had appointed a special process server. *Johnson*, 383 Ill. App. 3d at 910. Since defendants in the instant case appeared in this case before a final judgment was entered against them by filing a motion seeking relief from the trial court and recognizing its jurisdiction, defendants waived all objections to the trial court's jurisdiction. Accordingly, defendants failed to follow the requirements of section 2-301 to preserve their jurisdictional

challenge.

¶ 22    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 23    Affirmed.