# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Akbulut*, 2012 IL App (1st) 112978

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for American Home Mortgage Investment Trust 2007-2, Plaintiff-Appellee, v. NASIF AKBULUT, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-2978 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | August 23, 2012<br><br>October 15, 2012<br>October 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The amended affidavit of service filed in plaintiff's foreclosure action averring that the person who served defendant was an employee of an agency appointed to serve process for plaintiff cured any defect in the return of service. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-17062; the Hon. Daniel Patrick Brennan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Stephen Richek, of Chicago, for appellant.

Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellee.

Panel

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.

Justices Fitzgerald Smith and Sterba concurred in the judgment and opinion.

## OPINION

¶ 1      In this mortgage foreclosure action, defendant-appellant Nasif Akbulut appeals from an order of the circuit court of Cook County denying his motion to quash the personal service obtained on him by plaintiff-appellee, Deutsche Bank National Trust Company, as indenture trustee for American Home mortgage investment trust 2007-2 (Deutsche Bank). Akbulut contends that service was not properly obtained on him because the return of service does not state that the special process server, Terry Ryan, was appointed to serve process or that he was an employee of one of three private detective agencies which had been appointed to serve process for Deutsche Bank. For these reasons, Akbulut contends that service on him should have been quashed.

¶ 2      On April 19, 2010, Deutsche Bank filed this mortgage foreclosure action against Akbulut on property commonly known as 4344 North Mobile Avenue in Chicago. Akbulut was personally served at that address on April 20, 2010 by Ryan. Ryan's affidavit of service bore a signature line with Ryan's name and "License(s): Agency: 117-001101." The bottom left corner of the affidavit lists United Processing, Incorporated, along with its address and phone number. United Processing was one of three detective agencies appointed to serve process for Deutsche Bank. Akbulut did not answer or otherwise appear and on April 13, 2011, a judgment for foreclosure and sale was entered in favor of Deutsche Bank. The property was then sold at public auction to Deutsche Bank for $546,907.76 on July 15, 2011.

¶ 3      On July 19, 2011, Akbulut filed a motion to quash service, asserting that there was no evidence "in the [c]ourt file or otherwise" that Ryan was appointed to serve process and that service by an unappointed special process server was invalid. Plaintiff's response to this motion included an amended affidavit of service by Ryan, averring that he was "an employee or agent of United Processing, Inc., a licensed private detective agency, license number 117-001101, appointed by the court to serve process" in the cause. Akbulut filed no counteraffidavit. Akbulut's motion to quash was denied on September 28, 2011, and on that same day the court granted Deutsche Bank's motion to confirm the sale of the property. This appeal ensued.

¶ 4      Akbulut's sole contention on appeal is that service on him should have been quashed

because there was insufficient proof that Ryan, the special process server who served him, was an employee of one of the three detective agencies appointed to serve process for Deutsche Bank. A judgment entered by a court that lacks jurisdiction of the parties is void and may be attacked at any time in any court. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309 (1986). Accordingly, a judgment which is obtained without proper service of process is void. *State Bank*, 113 Ill. 2d at 308-09; see *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 206 (1993).

¶ 5        Akbulut notes that when a private detective agency is appointed to serve process, it must utilize one of its employees to accomplish that service. 735 ILCS 5/2-202(a-5) (West 2010). As Akbulut also notes, Ryan's original return of service did not specify that Ryan was an employee of a private detective agency. But Akbulut has failed to cite any authority supporting his implicit contention that the failure to mention a process server's employment status in the return of process invalidates service. In *C.T.A.S.S.&U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008), cited by Akbulut, the court found that at the time process was served, the detective serving process had not yet been appointed as special process server. Here, Deutsche Bank filed an amended affidavit of service in which Ryan averred that he was an employee or agent of United Processing, which was one of the three detective agencies appointed to serve process for Deutsche Bank. The circuit court was entitled to rely upon this amended affidavit to cure any defect in the return of process. See *State Bank*, 113 Ill. 2d at 306-07.

¶ 6        For the reasons set forth in this opinion, we affirm the judgment of the circuit court of Cook County.

¶ 7        Affirmed.