2021 IL App (1st) 191447-U

No. 1-19-1447

Order filed March 22, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| JANE DOE, | ) |
| | ) Appeal from the |
| Plaintiff-Appellee, | ) Circuit Court of |
| | ) Cook County. |
| v. | ) |
| | ) No. 2013 L 4197 |
| RYAN LOGAN, and MATCH.COM, LLC, | ) |
| | ) Honorable |
| Defendants | ) Edward S. Harmening, |
| | ) Judge, presiding. |
| (Ryan Logan, Defendant-Appellee). | ) |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying defendant's motion to quash service and vacate default judgment under section 2-1401. An individual may delegate his authority to accept service to another.

¶ 2    Defendant Ryan Logan appeals from the denial of his motion to quash service and vacate default judgment. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff filed a civil suit against defendants Ryan Logan and Match.com alleging Logan sexually assaulted plaintiff. Plaintiff's claims against Match.com were dismissed pursuant to settlement, and Match.com is not a party to this appeal. In her third amended complaint, plaintiff alleged claims of civil battery, intentional infliction of emotional distress, and violation of the Illinois Gender Violence Act (740 ILCS 82/1 *et seq*. (West 2018)) against Logan.

¶ 5      On August 26, 2011, Logan was purportedly served via substitute service by a special process server. In an attached affidavit, the process server averred that he served Logan by leaving a copy of the summons and complaint at defendant's abode on North Albany Avenue with a white male 55 years of age and thereafter mailed a copy to Logan at the same North Albany Avenue address. As discussed later, the instant dispute concerns whether service was accomplished in September of 2011 through service of a second alias summons and amended complaint on an attorney who represented Logan on a related criminal charge.

¶ 6      An order of default was entered against Logan on June 21, 2016. The case was continued for a prove-up hearing on July 26, 2016. On July 26, 2016, default judgment was entered against Logan in the amount of $6 million plus attorney fees and costs.

¶ 7      On September 26, 2017, Logan filed a motion to quash service and vacate default judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2016)). In his motion, Logan claimed that the August 26, 2011, service was defective because he did not reside on North Albany Avenue at that time. Logan also argued that the affidavit of the special process server did not establish that the person served was a member of Logan's household. In an affidavit attached to his motion, Logan stated that he lived on East Delaware Place, not North Albany Avenue, in August of 2011. Logan also stated that he "never received a complaint or

summons or any other papers stating that [he] must file an appearance in this case. [He] never received mail containing a complaint or summons in relation to this case."

¶ 8       Plaintiff filed a response and cross-motion for sanctions in which she argued that Logan's motion was frivolous because the basis for the court's personal jurisdiction was not the purported August 26, 2011, service. Instead, plaintiff stated that her counsel, Daniel Kirschner, had issued a second alias summons on September 9, 2011, and that pursuant to the agreement of the parties, Kirschner had served Logan by fax and subsequent mailing to his attorney.

¶ 9       In an affidavit of service attached to the response, Kirschner stated that before serving the second alias summons, Kirschner telephoned Michael Fay, the attorney who had represented Logan in the underlying criminal proceedings involving the parties, to determine whether Logan would authorize Fay to accept service on his behalf. Kirschner stated that Fay later "left a detailed message" advising that Fay "had Defendant Logan's authority to accept service, and that the summons and complaint should be faxed to him." Kirschner stated that "per the instructions of Defendant Logan's counsel, Mr. Fay, the 2nd Alias Summons and First Amended Complaint were both faxed and mailed to Mr. Fay per the agreement of the parties and their respective counsel [ ]." Attached to plaintiff's response was a fax transmittal sheet showing that a fax was sent by Kirschner on September 13, 2011, to the number provided by Fay and recited in Kirschner's affidavit. Plaintiff also attached a copy of a letter from Kirschner to Fay, dated September 13, 2011, that read,

> "Please allow this letter to confirm that you have agreed to accept service
> on behalf of your client, Ryan Logan. Enclosed please find a copy of the
> 2nd Alias Summons issued for Ryan Logan and Plaintiff's First Amended
> Complaint at Law. Thank you for your professional courtesy in this matter."

¶ 10     Logan filed a reply, arguing that the waiver described by plaintiff did not meet the requirements of section 2-213 of the Code (735 ILCS 5/2-213 (West 2018)). The circuit court ordered supplemental briefing on the issue of whether Logan waived service.

¶ 11     Attached to Logan's supplemental brief was another affidavit from him, which can be summarized as follows. Fay represented Logan in the criminal trial and order of protection hearing that involved the plaintiff in this case. Logan had no contact with Fay regarding this case. Logan never authorized Fay to accept service, waive service, or represent him in this case. Logan never authorized Fay to accept service on his behalf in this or any other proceeding.

¶ 12     Plaintiff filed a supplemental brief that included the affidavit of Michael Fay. In that affidavit, Fay stated that he reviewed the notes prepared by plaintiff's attorney, a fax confirmation sheet indicating 15 pages were transmitted to him on September 13, 2011, and the September 13, 2011, letter from Kirschner to Fay that was attached to plaintiff's response. Fay stated that although he did "not have specific recollection of [his] involvement with various procedural matters in this case" and no longer maintains his client file, "based on both [his] ethical obligations and custom and practice," he would not have taken any action on his client's behalf without the express authority to do so. Fay stated that he would not have accepted service by fax unless he first spoke with Logan, discussed with him the purpose and significance of service, and obtained Logan's express authority to accept service by fax.

¶ 13     On May 14, 2019, an evidentiary hearing was held to resolve the competing affidavits submitted with the supplemental briefs. Logan was the only witness that testified at the hearing, and his testimony is summarized as follows. Logan testified that he had no contact with Fay since April of 2011, sometime after the last criminal hearing. Fay never represented Logan in any civil

proceeding. Logan never authorized Fay to accept service on his behalf in any civil case, nor did Logan and Fay ever discuss that possibility. Logan never received a summons in this case.

¶ 14    On cross-examination, Logan testified that he had in fact received a second alias summons and first amended complaint in this case via mail to his East Delaware Place address. On redirect, Logan stated that did not know what a summons or complaint were, and that he had never before been involved in civil litigation. In response to a question from the court, Logan testified that he had completed community college.

¶ 15    After the close of testimony, Logan argued that Kirschner's affidavit should not be considered by the court as it contained hearsay. Logan objected to Kirschner's statement in his affidavit that Mr. Fay left him a voicemail message "expressing that he had Defendant Logan's authority to accept service, and that the summons and complaint should be faxed to him ***." The case was then continued to June 12, 2019.

¶ 16    On June 12, 2019, the court denied Logan's motion to quash service and vacate the default judgment and denied plaintiff's cross-motion for sanctions. The court stated that "[t]he affidavit, records presented establish without question that Mr. Fay after talking to Mr. Logan and with Mr. Logan's consent agreed to accept service of summons by fax. Additionally, I find that Mr. Logan's testimony was not credible on this issue."

¶ 17    On July 11, 2019, Logan timely filed this appeal.

¶ 18                                                  II. ANALYSIS

¶ 19    We have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. March 8, 2016) which provides for the appeal of a "judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure."

¶ 20 On appeal, Logan argues that the circuit court erred in denying his motion to quash service and vacate the default judgment because he was never properly served under the requirements of the Code. The parties appear to agree that the substitute service of August 26, 2011, was not valid for failure to comply with the requirements of section 2-203 of the Code. 735 ILCS 5/2-203 (West 2018). There is also no evidence in the record of notice and a request for a waiver of service as provided for in section 2-213. *Id.* § 213. Plaintiff argues instead that the basis for the default judgment was the September 2011 fax service, which Logan agreed to accept through Fay. Plaintiff states that this service is valid because an individual may delegate his authority to accept service to his attorney.

¶ 21 We resolve this appeal by considering whether the facts of the September 2011 communications and subsequent fax and mailings between plaintiff's counsel and Mr. Fay constitute effective service of process to obtain personal jurisdiction over defendant. "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties. [Citation.] A judgment entered by a court without jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989)). "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18. Absent waiver, " '[w]hen a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a default judgment entered against him or her is void.' " *JPMorgan Chase Bank, National Association v. Ivanov*, 2014 IL App (1st) 133553, ¶ 46 (citing *Equity Residential Properties Management Corporation v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006)). It is well settled that strict compliance with statutory requirements in effecting service is

essential for the court to obtain personal jurisdiction over the defendant. *C.T.A.S.S. & U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008).

¶ 22   The parties cite no Illinois case that has addressed whether an individual may delegate acceptance of service of process to another, and this court knows of none. There is no Illinois statute that provides that an individual may authorize another to accept service and subject the individual to the court's jurisdiction.

¶ 23   In support of its position that a defendant can authorize another to accept service of process, plaintiff cites to *Sarkissian v. The Chicago Board of Education*, 201 Ill. 2d 95 (2002). In *Sarkissian*, our supreme court considered "whether a public entity may delegate authority to accept service of process to someone other than those persons designated by statute to accept service." *Id.* at 109. The supreme court found that although it has "generally been held that, where a statute specifies a particular officer upon whom service may be made, all others are excluded," a public entity may nonetheless delegate acceptance of service to a person other than one authorized by statute to accept service for that entity. *Id.* at 109-112. This delegation of authority may be express or made by the customary practice of an organization. *Id.* at 112. The court found that the evidence established that the Board had adopted an alternate procedure for accepting service, even where express delegation of authority to accept service was not shown. *Id.* at 115-16. Although *Sarkissian* focused on the context of whether delegation of authority was acceptable for a public entity, the court unequivocally stated that "the authority to accept service of process may be delegated." *Id.* at 112.

¶ 24   Other jurisdictions have recognized an individual's right to delegate acceptance of service to another. The Federal Rules of Civil Procedure provide that service of process may be made on an individual by delivering a copy of the summons and complaint "to an agent authorized by

appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Many states have adopted a similar rule of civil procedure patterned after the federal rule. See, *e.g.*, Ala. R. Civ. P. 4(c)(1); Ariz. R. Civ. P. 4.1(d)(3); Ark. R. Civ. P. 4(f)(1)(C); Colo. R. Civ. P. 4(e)(1); Del. R. Civ. P. Super. Ct. 4(f)(1)(I); Idaho R. Civ. P. 4(d)(1)(C); N.D. R. Civ. P. 4(d)(2)(A)(iv); Tenn. R. Civ. P. 4.04(1); Utah R. Civ. P. 4(d)(1)(A). Illinois has adopted no similar rule.

¶ 25    Some states recognize that the delegation of authority to accept service is permissible even in the absence of a statute or rule that expressly provides for it. For example, in Washington, an attorney can accept service of process on a client's behalf where the attorney has the client's express authority to do so. *Ha v. Signal Electric, Inc.*, 182 Wn. App. 436, 447, 332 P.3d 991 (2014), *appeal denied*, 182 Wn.2d 1006, 342 P.3d 327 (2015). "Requiring express authority is necessary to protect clients from possibly serious consequences arising from a misunderstanding between the client and the attorney. [Citation.] It also ensures that clients will be consulted on all important decisions if they so choose." *Id.* Florida courts recognize that where an individual gives another person authority to accept service of process on his behalf, he waives his right to personal service. *Anthony v. Gary J. Rotella & Associates, P.A.*, 906 So.2d 1205, 1208 (Fla. App. 4 Dist. 2005). In Iowa, an attorney may accept service of process for a client where he has been specially authorized to do so, "and therein would act as agent or attorney in fact and not because of his relation as an attorney at law." *Fuehr v. Ewert & Richter Express & Storage Co.*, 180 Iowa 518, 163 N.W. 347 (1917).

¶ 26    Similar to *Sarkissian*, there is no valid reason to categorically find that a party cannot authorize another to accept service on the party's behalf and thereby confer personal jurisdiction on the court. Of course, this authorization must be specific and cannot be assumed. Where the

grant of authority to accept service is disputed, it is for the circuit court to determine whether the authorization was clearly made. The mere existence of an attorney-client relationship is not enough to establish that an attorney is authorized to accept service on behalf of his client. However, where a client has expressly communicated that his attorney is authorized to accept service on his behalf, such delegation of authority is sufficient to confer personal jurisdiction. Nor do we limit the grant of authority to accept service of process to an attorney. An individual may authorize any person to accept service on his or her behalf and, where the court is satisfied that such authorization was given, the court will obtain personal jurisdiction over that individual.

¶ 27    Having found that an individual may delegate acceptance of service of process to another, we next consider whether the evidence in this case established that such a delegation occurred. Logan argues that the circuit court's determination that he agreed to accept service through his former attorney was against the manifest weight of the evidence. Generally, we review *de novo* the circuit court's judgment on a section 2-1401 petition that requests relief based on the allegation that the judgment is void.[1] *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12. However, where the circuit court considers more than documentary evidence and holds an evidentiary hearing on issues of personal jurisdiction, we review the circuit court's findings against the manifest weight of the evidence standard. *Royal Extrusions Limited v. Continental Window & Glass Corp.*, 349 Ill. App. 3d 642, 645 (2004). "A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v.*

---

[1]Our standard of review is the same for the denial of a motion to quash service of process. "When the circuit court denies a motion to quash service of process based solely on the documentary evidence presented and does not hold an evidentiary hearing, our review on appeal is *de novo*." *Central Mortgage Company v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 26.

*Sullivan*, 321 Ill. App. 3d 151, 154 (2001). Accordingly, we examine whether the circuit court's finding that Logan authorized Fay to accept service on his behalf is against the manifest weight of the evidence.

¶ 28    We find that there is sufficient evidence in the record to establish that Logan authorized Fay to accept service on his behalf. The evidence presented and considered by the circuit court includes the affidavit of Kirschner, the affidavit of Fay, the fax documents attached to Kirschner's affidavit, the letter from Kirschner to Fay, and Logan's affidavit and in-court testimony. The evidence against the delegation of authority consisted of Logan's affidavit and his testimony that Fay did not represent him in this case and that he never authorized Fay to accept service for him in this matter. The evidence in favor of Logan's authorization of Fay to accept service on his behalf were Kirschner's and Fay's affidavits. Kirschner's affidavit stated that he telephoned Fay and requested that Fay confer with Logan and determine whether Logan would authorize Fay to accept service on Logan's behalf, that Fay returned his call and left Kirschner a message stating that Fay had conferred with Logan and Logan agreed to Fay accepting service on Logan's behalf and to send, via fax to Fay's fax number, the alias summons and amended complaint. There were also supporting documents from Kirschner, including a September 13, 2011, letter from Kirschner to Fay confirming that Fay had agreed to accept service for Logan and requested that the summons and complaint be sent via fax.

¶ 29    The circuit court also considered Fay's affidavit, which stated that Fay had no "specific recollection of [his] involvement in various procedural matters in this case" and he no longer maintained his files, however, he reviewed Kirschner's notes indicating there was a September 13, 2011, phone message from Fay stating he would accept service of summons on behalf of Logan via fax, and that "based on both [his] ethical obligations and custom and practice, [he] would not

- 10 -

have taken any action on any client's behalf without the expressed authority of my client, including Mr. Logan in this instance." "[S]pecifically, [Fay] would not have advised Mr. Kirschner that [he] would accept service of summons in the above matter by fax, on behalf of Mr. Logan, unless [he] first spoke with Mr. Logan, explained the purpose and significance of service of summons, answered any questions Mr. Logan may have had, and finally obtained Mr. Logan's expressed authority to then act on his behalf in the manner set forth in my phone message to Mr. Kirschner and Mr. Kirschner's confirming letter." The circuit court found that Kirschner's affidavit was corroborated by Fay's affidavit.

¶ 30    Logan argues that the circuit court was not free to discount his testimony that he did not authorize Fay to accept service for him because this testimony was not contradicted or impeached. Logan cites to *Bucktown Partners v. Johnson* for the proposition that a witness's uncontradicted and unimpeached testimony may not be arbitrarily disregarded by the fact finder. 119 Ill. App. 3d 346, 353 (1983). *Bucktown Partners* concerned a forcible entry and detainer action brought against the defendant for non-payment of rent. *Id.* at 347. After a garnishment proceeding was initiated to collect the money owed, the defendant moved to quash garnishment because the funds in her account were public assistance payments that were exempt from garnishment. *Id.* At the hearing on the motion, the defendant testified that public assistance payments were the sole source of the funds in her bank account. *Id.* No other witnesses testified at the hearing, and no other evidence was presented by the plaintiff as to the source of plaintiff's funds. *Id.* at 347-48. Despite this, the trial court denied the defendant's motion to quash garnishment. *Id.* at 348. On appeal, we reversed, stating that the "the unimpeached and uncontradicted testimony of a witness cannot be arbitrarily disregarded by a finder of fact" absent certain exceptions, such as where the testimony of the witness is inherently improbable. *Id.* at 353.

¶ 31    We find that *Bucktown Partners* is inapposite. In *Bucktown Partners*, there was no contradictory evidence presented by the plaintiff to rebut the defendant's testimony as to the source of her funds. "Where the testimony of a witness is neither contradicted by direct adverse testimony or by circumstances nor inherently improbable and the witness has not been impeached, the testimony cannot be disregarded by the fact finder." *Baker v. Hutson*, 333 Ill. App. 3d 486, 493 (2002) (citing *People ex rel. Brown v. Baker*, 88 Ill. 2d 81, 85 (1981)). But "[t]he fact finder is not bound to believe a witness when, based upon all of the other evidence or the inherent improbability or contradictions in the testimony, the fact finder is satisfied of the falsity of the testimony." *Id.* (citing *Larson v. Glos*, 235 Ill. 584, 587 (1908)).

¶ 32    Here, plaintiff presented affidavits and corroborating documentary evidence from Kirschner and Fay that contradicted Logan's testimony that he did not agree to accept service through Fay. Although Logan testified that he did not authorize Fay to accept service for him, and this testimony was not contradicted by direct adverse testimony, the affidavits and documentary evidence from Fay and Kirschner are circumstantial evidence to the contrary. In his affidavit, Fay states that as a general matter he would not agree to accept service for a client without first speaking to his client and obtaining that client's consent. Although Fay admits that he has no specific recollection of the circumstances in obtaining Logan's authorization to accept service, he avers that the statements attributed to him in Kirschner's notes would not have been made unless he acted consistently with his usual practice and ethical obligations in obtaining Logan's authorization. Importantly, Fay does not deny making the statements attributed to him by Kirschner. *Ingram v. MFA Insurance Company*, 18 Ill. App. 3d 560, 565 (1974) (clear and satisfactory evidence not met where witness did not remember conversation but did deny having the conversation.) In total, the circuit court found that Kirschner called Fay to see whether Fay

would obtain Logan's authorization to accept service, Fay later left a voice message confirming the receipt of that authorization after conferring with Logan, Kirschner memorialized Fay's message that Logan authorized Fay to accept service, and Kirschner thereafter sent the alias summons and amended complaint via fax to Fay as instructed. When considered with Kirschner's fax letter confirming that Fay had agreed to accept service via fax to Fay's fax number, and Logan's admission that he had received and was in possession of the second alias summons and amended complaint, this tends to show that Logan did authorize Fay to accept service on his behalf in this matter as indicated in the September 13, 2011, corroborating documents. Because the totality of the evidence supports the finding that Logan authorized Fay to accept service, the circuit court's disregard of Logan's testimony was not arbitrary.

¶ 33    Furthermore, the circuit court's finding Logan not credible was not unreasonable. The fact-finder's determination of a witness's credibility is entitled to great deference from the reviewing court, although it is not binding. *People v. Gray*, 2017 IL 120958, ¶ 35. "[I]t is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *Id.* Although Logan's testimony that he did not authorize Fay to accept service was not directly contradicted by another witness, he was impeached on the issue of whether he ever received a complaint and summons in this case. The impeachment, when considered with the other contradictory evidence from Fay and Kirschner in the record and the ability of the trier of fact to assess Logan's demeanor while testifying, supports the circuit court's finding that Logan was not credible. The circuit court properly exercised its role as fact finder to resolve the conflicting evidence and make credibility determinations. We therefore find that the circuit court did not err in disregarding Logan's testimony.

¶ 34    Logan also argues that the circuit court erred in relying on Kirschner's affidavit because it contains the double hearsay statement that Fay told Kirschner that "he had Defendant Logan's authority to accept service" by fax. Plaintiff argues that this statement is not hearsay under Illinois Rule of Evidence 801(d)(2) (eff. Oct. 15, 2015).

¶ 35    Hearsay is a declarant's out-of-court statement that is offered to prove the truth of the matter asserted. Ill. R. Evid. 801(c) (eff. Oct. 15, 2015). Under Rule 801(d)(2), a statement is not hearsay if it "is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity, or *** (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship ***." Ill. R. Evid. 801(d)(2). An out-of-court statement is also not hearsay if it is "offered into evidence for some purpose other than to prove the truth of the matter asserted," such as "to show why the listener subsequently acted as he did." *McIntyre v. Balagani*, 2019 IL App (3d) 140543, ¶ 92.

¶ 36    We find that Kirschner's statement that Fay left a voicemail "expressing that he had Defendant Logan's authority to accept service, and that the summons and complaint should be faxed to him" is not hearsay under Rule 801(d)(2)(A) and (C). First, to the extent that Kirschner's statement contained a statement purportedly made by Logan to Fay—that Fay was authorized to accept service on Logan's behalf—that is not hearsay under Rule 801(d)(2)(A) because the statement was offered against Logan as Logan's own statement. Second, to the extent that Kirchner's statement contained a statement purportedly made by Fay to Kirschner—that Fay was authorized to accept service on Logan's behalf—that is not hearsay under Rule 801(d)(2)(C) because the statement was offered against Logan as a statement that Fay was authorized to make

on Logan's behalf. We therefore reject Logan's argument that the circuit court should not have admitted Kirchner's statement into evidence.

¶ 37    But assuming *arguendo* that Kirschner's statement was hearsay and should not have been admitted, there was sufficient other evidence in the record besides Kirschner's affidavit that supports the circuit court's finding that Logan authorized Fay to accept service on his behalf. Fay's affidavit that he would not have accepted service without obtaining his client's consent, the fax letter from Kirschner confirming that Fay had obtained Logan's authority to accept service via fax, and Logan's admission that he received an alias summons and amended complaint together support the reasonable inference that Logan authorized Fay to accept service on his behalf. Furthermore, any error by the circuit court in relying upon Kirschner's statement for its truth was mitigated by the fact that Logan was called to testify at the hearing where he disputed Kirschner's affidavit and denied authorizing Fay to accept service. See *McIntyre*, 2019 IL App (3d) 140543 at ¶ 95 (stating that "defendants could have obviated the trial court's erroneous hearsay ruling by calling [the declarant] and asking him what he said."). We therefore find that the admission of Kirschner's statement did not substantially prejudice the outcome of the hearing.

¶ 38    For the reasons discussed above, we find that there was sufficient admissible evidence in the record to support the circuit court's finding that Logan authorized Fay to accept service on his behalf. That Logan testified (not credibly in the eyes of the circuit court) to the contrary does not mean that the circuit court's finding was against the manifest weight of the evidence. The circuit court properly weighed the contradicting evidence before it and found that there was credible evidence to support the finding that Logan delegated his authority to accept service to Fay.

¶ 39    Finally, we must consider whether Kirschner's faxing the complaint and summons to Fay constituted sufficient service. Illinois case law provides that service of process may be made by means other than those provided for in the Code where the parties have agreed to those means. *National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.*, 141 Ill. App. 3d 343, 348 (1986). "It is well-settled that a party may not only agree to submit to the jurisdiction of a particular court which would not otherwise have authority over him, but also to the manner and method of service exercised upon him." *Id.* at 347. As discussed above, there is satisfactory evidence that Logan authorized Fay to effect service via fax. Because Logan authorized Fay to accept service, and because Illinois law recognizes the right of parties to agree to accept alternate means of service, we find that Kirschner's fax service on Fay was sufficient to confer personal jurisdiction on Logan.

¶ 40    Therefore, we hold that the circuit court did not err in denying Logan's section 2-1401 petition. Like the court in *Sarkissian*, "[w]e emphasize that our finding of proper service here is not premised on the mere fact that the [defendant] had actual knowledge of the suit. Nor is this a situation where the litigant, in attempting to serve the defendant, served an unauthorized person due to ignorance, mistake, or misplaced reliance on false representations of employees." 201 Ill. 2d at 116. Rather, we find that where the evidence establishes that an individual expressed that service should be made upon his agent, it would be unjust to allow that individual, at his whim, to treat service made as directed by him as improper service. *Id.*

¶ 41                                  III. CONCLUSION

¶ 42    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 43    Affirmed.