FOURTH DIVISION

September 8, 2005

No. 1-04-1508

BRIAN T. SULLIVAN, )    Appeal from the

)    Circuit Court of

Plaintiff-Appellant, )    Cook County.

)

v. )

)

ALAIN KODSI; ANTONIO GRACIAS; MG CAPITAL, LLC; )

INDUSTRIAL POWDER COATINGS ACQUISITION )

CORPORATION; AMAX PLATING, INC.; AJG REAL )    No. 00 L 1973

ESTATE, LLC; AJG GROWTH FUND, LLC; AJG MG, LLC, )

)

Defendants, )

)

and NEUBERGER BERMAN TRUST COMPANY OF )

DELAWARE, as Trustee of the GAMCREFK Trust, )    Honorable

)    Ronald F. Bartkowicz,

Defendant-Appellee. )    Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Brian Sullivan appeals from the circuit court’s dismissal of defendant Neuberger Berman Trust Company of Delaware (Neuberger) for lack of personal jurisdiction.  For the reasons that follow, we reverse and remand for further proceedings.

Plaintiff partnered with defendants Alain Kodsi and Antonio Gracias in October 1996 to identify and acquire mid-sized businesses for investment purposes.  All three parties agreed that they would invest equally in their acquisitions.  In May 1997, Kodsi and Gracias formed MG Capital, LLC (MG Capital), naming themselves managing members.  In late 1997, Sullivan identified Industrial Powder Coatings, Inc. (IPC), as a potential acquisition, and he, Kodsi, and Gracias underwent efforts to purchase  the company in early 1998.  MG Capital executed a letter of intent to purchase IPC from its parent company on February 26, 1998.

Kodsi and Gracias later informed plaintiff that he would not be investing in the IPC acquisition with them.  Kodsi explained that he and Gracias were planning to purchase IPC and merge it with two other companies they already owned.  Kodsi stated that because plaintiff did not have interests in those companies, it would be unfair to allow him to invest in IPC.

In December 1997, Kodsi was sued in a California court by a former partner of his.  Kodsi thereafter formed the Kodsi Family Trust, now known as the GAMCREFK Trust (Trust), for the admitted purpose of "insulat[ing] Kodsi’s investments from any business activities that Kodsi was involved with.”  Kodsi transferred all of his nonexempt assets to the Trust, including his interest in MG Capital, but not his interest in Connector Service Corporation (CSC).  Kodsi is neither the trustee nor a beneficiary of the Trust.  Gracias was named as the initial trustee.  

In June 1998, Kodsi and Gracias formed a new corporation, Industrial Powder Coatings Acquisition Corp. (IPCAC) for the purpose of purchasing IPC.  Kodsi and Gracias owned approximately 80% of IPCAC, and several of their friends, family members, and outside investors owned the remainder.  Soon afterward, Gracias told plaintiff that IPCAC was separate and distinct from the other two companies he and Kodsi owned and that they had no intention of operating the three of them contemporaneously.  

Plaintiff filed suit against Kodsi, Gracias individually, and MG Capital in February 2000, alleging various claims sounding in breach of their October 1996 agreement.  Plaintiff served them with interrogatories asking each to identify his financial net worth and the bases on which it was derived.  

Thereafter, Jon Scott Geddes, a Pennsylvania resident, succeeded Gracias as trustee.  In June 2000, Kodsi transferred his interest in CSC to the Trust.  Neuberger succeeded Geddes as trustee in August 2001.  Neuberger is a wholly owned subsidiary of Neuberger Berman, LLC, a national company with offices in Chicago.  Neuberger maintains its own offices in Wilmington, Delaware, and has its own board of directors, board meetings, and management committees, and files its own financial statements and annual reports, though it admittedly relies on its parent company for office space, certain personnel, and administrative support services.  Neuberger is registered with the Illinois Office of Banks and Real Estate and is authorized to act as a trustee in Illinois.

In July 2002, plaintiff filed his fourth amended complaint and added Neuberger as a defendant in its representative capacity as trustee of the GAMCREFK Trust, and alleging fraudulent transfer, veil-piercing, and alter ego claims.  Neuberger filed a motion to dismiss for lack of personal jurisdiction, and the circuit court granted plaintiff leave to conduct limited discovery for the purpose of resolving the issue.  In opposing the motion to dismiss, plaintiff argued that the circuit court had jurisdiction over the Trust, alleging that the Trust served as an alter ego for MG Capital and Kodsi, and that Neuberger’s parent corporation was subject to the court’s jurisdiction and the corporate veil between it and Neuberger should be pierced. 

Following argument, the circuit court granted Neuberger’s motion in a written order, holding that plaintiff’s claim that Kodsi and the Trust were alter egos was misguided, as he failed to allege that Neuberger, rather than the Trust, was the alter ego of MG Capital, such that jurisdiction over MG Capital could extend jurisdiction to Neuberger.  The court also held that the allegedly fraudulent transfers occurred before Neuberger became the trustee and that Neuberger was not "doing business” in Illinois for purposes of the long-arm statute (735 ILCS 5/2-209 
et seq. 
(West 2002)).  The court also refused to pierce the corporate veil between Neuberger and its parent company, finding that, while the parent company may have been subject to Illinois jurisdiction, Neuberger was not.  The court granted plaintiff’s motion for a finding of no just reason to delay enforcement or appeal of its dismissal order, pursuant to Supreme Court Rule 304(a).  155 Ill. 2d R. 304(a).  This appeal followed. 

Plaintiff contends on appeal that the circuit court erred in dismissing Neuberger as a defendant, arguing that the court did have personal jurisdiction over Neuberger in its representative capacity because the Trust was administered in Illinois at the time of its creation and at the time of the allegedly fraudulent transfers, because the predecessor trustee’s acts rendered it subject to Illinois jurisdiction, because Neuberger represents the Trust as Kodsi’s and MG Capital’s alter ego, and because Neuberger does business in Illinois as defined under the long-arm statute
.  Neuberger responds that plaintiff’s appeal should be dismissed as moot, as Louis Greco has succeeded Neuberger as trustee of the GAMCREFK Trust.  As such, Neuberger moves that it be dismissed as a party to this appeal and to substitute Greco as appellee.  Plaintiff counters that allowing Neuberger to be dismissed as a party would allow defendants to avoid claims against the Trust by continually substituting trustees so as to avoid the jurisdiction of the Illinois courts.

Generally, a case or an issue is moot where events occurring after the filing of the appeal make it impossible for a reviewing court to grant effective relief.  
Lutz v. Lutz
, 313 Ill. App. 3d 286, 288 (2000).  However, courts may review an otherwise moot issue if it involves a question of great public concern.  
In re R.V.
, 288 Ill. App. 3d 860, 865 (1997).  This exception applies when an otherwise moot question is nonetheless: (1) public in nature; (2) desirous of an authoritative determination for future guidance; and (3) likely to recur.  
In re Andrea F.
, 208 Ill. 2d 148, 156 (2003).  Moreover, issues on appeal which would otherwise be moot may be reviewed when they involve an event of short duration which is capable of repetition yet which evades review.  
In re R.V.
, 288 Ill. App. 3d at 865.  In order to meet this latter exception, an appellant must demonstrate that (1) the challenged action is too short in duration to be fully litigated prior to cessation, and (2) there is a reasonable expectation the same complaining party could be subjected to the same action in the future.  
In re R.V.
, 288 Ill. App. 3d at 865.  

Here, while the issue of whether an Illinois circuit court has jurisdiction over a trustee domiciled in a foreign jurisdiction may not be of great public concern, our deciding the issue would likely aid future decisions, especially in this case, and the question is likely to recur, as it already has with Greco succeeding Neuberger as GAMCREFK’s trustee.  Furthermore, the circumstances of this case indicate that plaintiff would likely be subjected to a similar situation in the future; as he seeks to gain jurisdiction over defendants’ assets – and any trustees which may control access to them – as a means of securing a potential judgment, it appears likely that new trustees could be named in efforts to evade the jurisdiction of Illinois courts, which would be charged with enforcing any judgments plaintiff might obtain against defendants.  Accordingly, we find that the issue of the circuit court’s jurisdiction over Neuberger or its successor trustees is not moot, and we will consider the merits of plaintiff’s interlocutory appeal.

Where a trial court dismisses a plaintiff’s complaint as to a particular defendant for lack of jurisdiction without an evidentiary hearing, we review the dismissal order 
de novo
.  
Stein v. Rio Parsimina Lodge
, 296 Ill. App. 3d 520, 523 (1998).  For purposes of such an appeal, the plaintiff carries the burden of establishing a 
prima facie 
basis for personal jurisdiction through the pleadings, documents, and affidavits.  
TCA International, Inc. v. B&B Custom Auto, Inc.
, 299 Ill. App. 3d 522, 531 (1998).  Where both parties have submitted pleadings and affidavits to the circuit court, we resolve conflicts between them in favor of the plaintiff for purposes of determining whether the burden has been met.  
Stein
, 296 Ill. App. 3d at 523.  Here, if we find that plaintiff has made a 
prima facie 
case for jurisdiction, we must determine whether Neuberger’s pleadings present grounds for a finding that jurisdiction does not exist.  If so, we must remand to the circuit court for an evidentiary hearing.  
TCA International
, 299 Ill. App. 3d at 531-32.

In determining whether jurisdiction is proper over a foreign defendant, this court evaluates (1) whether the facts of the case satisfy the requirements of the long-arm statute, and (2) whether jurisdiction is permissible under notions of due process.  
Rollins v. Ellwood
, 141 Ill. 2d 244, 271 (1990).

Plaintiff first argues on appeal that the circuit court has personal jurisdiction over Neuberger in its representative capacity because the Trust was administered in Illinois at the time of its creation and during the times that the allegedly fraudulently transfers took place, because the predecessor trustee’s acts were sufficient to give the circuit court jurisdiction over successor trustees, because the Trust functions as Kodsi’s alter ego, and because Neuberger was doing business both directly and through its parent company, pursuant to the Illinois long-arm statute.

Neuberger initially responds that the GAMCREFK Trust is not an independent entity, but rather an arrangement relating to property, and as such, a court cannot have jurisdiction over the designated trustee in its representative capacity.  We disagree.  A written trust possesses a distinct legal existence that is recognized by statute (760 ILCS 5/4 
et seq. 
(West 2000)) and can sue or be sued through its trustee in a representative capacity on behalf of the trust.  See 
Pierce v. Chester Johnson Electric Co.
, 117 Ill. App. 3d 867, 868-69 (1983); 
Pekin Life Insurance Co. v. Schmid Family Irrevocable Trust
, No. 1-04-1453 (August 16, 2005); 
In re Estate of Ahern
, No. 1-04-3325 (August 4, 2005).  Moreover, this court has considered whether a trust is an Illinois resident for purposes of applying Illinois finance laws in resolving an insurance claim.  
Illinois Life & Health Insurance Guaranty Association v. Boozell
, 289 Ill. App. 3d 621 (1997).

Defendant also relies on the Supreme Court’s holding in 
Hanson v. Denckla
, 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958), where it ruled that a Florida court did not have authority to determine the validity of two trusts where neither the trust assets nor the designated trustee, a Delaware trust company, was located within Florida for the purposes of jurisdiction, and where the cause of action did not arise in Florida.  

We believe that the facts present in 
Hanson
 and those present in this case are distinguishable.  First, the cause of action in this case, the alleged breach of the partnership agreement between plaintiff, Kodsi, and Gracias, undoubtedly arose in Illinois.  Moreover, the trust at issue here was administered in Illinois and the trustee at the time plaintiff’s initial complaint was filed was an Illinois resident.

In determining where a trust is administered and whether it is under Illinois jurisdiction, courts consider the provisions of the trust instrument, the residence of the trustees, the residence of its beneficiaries, the location of the trust assets, and the location where the business of the trust is to be conducted.  
People v. First National Bank of Chicago
, 364 Ill. 262, 268 (1936).  Where those factors indicate that a trust is administered in Illinois and litigation arises with reference to the trust, an Illinois court would have jurisdiction over the trust and the designated trustee.  
First National Bank
, 364 Ill. at 268-69.

Here, the Trust was initiated on December 31, 1997, and designated Kodsi as the settlor, with his residence in New York, and Gracias as the trustee, with his residence in Illinois.  The trust agreement stated that it would be governed under the laws of New York, with the parenthetical statement, "even though not the state of the [s]ettlor’s domicile.”  It also stated that the trustee could declare that the agreement’s construction and effect could be determined in accordance with the law of a different jurisdiction as long as the jurisdiction was one where a portion of the trust property was located.  The agreement was ostensibly executed in New York.

The agreement creating MG Capital listed Kodsi and Gracias as the only members and stated that it was incorporated in and would be governed by the laws of Delaware, and that its principal offices were located in Chicago.  Kodsi transferred his interest in MG Capital to the Trust on January 1, 1998.

Scott Geddes was designated as successor trustee on July 13, 1999.  However, the instrument purporting to appoint Geddes the successor trustee and declaring Gracias’ resignation as trustee was not executed until March 27, 2000.  Plaintiff filed his initial complaint on February 17, 2000, naming Kodsi, Gracias, and MG Capital as defendants.  Plaintiff later joined Neuberger in his fourth amended complaint, filed on July 24, 2002, alleging claims against the Trust estate.

The aforementioned facts indicate that the initial trustee and the trustee at the time this litigation arose, Gracias, was an Illinois resident.  Also, the trust property against which plaintiff initially filed suit, MG Capital, had its principal offices in Illinois.  Kodsi and Gracias’ investment in MG Capital, to the exclusion of plaintiff, is the cause of action that gave rise to the immediate litigation.  Kodsi’s interest in MG Capital is now held by the Trust.  Therefore, we find that the facts are sufficient to indicate that the Trust, and in turn the trustee in its representative capacity, were subject to the jurisdiction of the circuit court.  Such a finding would be in accordance with the terms of the long-arm statute, which provides that Illinois may exercise jurisdiction over any person with an ownership interest in a trust administered in Illinois and who is domiciled or resides in Illinois when the cause of action arose.  735 ILCS 5/2-209(a)(13), (b)(2) (West 2000).  Here, the trustee at the time plaintiff’s cause of action arose and at the time he filed his complaint and served defendants with process was Gracias, an Illinois resident.

We also find that subjecting Neuberger, or whoever the designated trustee may be at the time of remand, to the jurisdiction of Illinois courts would not offend federal notions of due process.  

An Illinois court may exercise jurisdiction over a foreign defendant where the defendant has minimum contacts with Illinois such that requiring the defendant to litigate in Illinois would not offend traditional notions of fair play and substantial justice.  See 
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945).
  Illinois jurisdiction over a nonresident defendant accords with federal due process where the defendant has purposefully directed his activities at residents of Illinois and the litigation results from those activities.  
Burger King v. Rudzewicz
, 471 U.S. 462, 471-72, 85 L. Ed. 2d 528, 540, 105 S. Ct. 2174, 2181-82 (1985).  The minimum contacts requirement is met where the nonresident defendant deliberately engages in significant activities within Illinois or has established continuing obligations with Illinois residents.  
Burger King
, 471 U.S. at 474, 85 L. Ed. 2d at 542, 105 S. Ct. at 2183.

The United States Court of Appeals has held that joinder of a new defendant is permissible, even for purposes other than determining its liability, where the defendant has succeeded to assets from which a judgment may be satisfied and where joinder would facilitate litigation and convenience.  
Minnesota Mining & Manufacturing Co. v. Eco Chem, Inc.
, 757 F.2d 1256, 1259 (Fed. Cir. 1985).  Another division of this court has ruled that, in a receivership proceeding conducted pursuant to the Corporate Fiduciary Act (205 ILCS 620/1-1 
et seq. 
(West 2000)), a circuit court cannot lose jurisdiction over the receivership where assets were transferred from one of the initial parties to a successor trustee after the litigation was commenced.  
In re Possession & Control of the Commissioner of Banks & Real Estate of Independent Trust Corp.
, 327 Ill. App. 3d 441, 473-75 (2001).  

We believe the same logic ought to apply in this instance.  Here, Neuberger, and now Greco, has succeeded to assets, those held by the GAMCREFK Trust, from which a judgment in plaintiff’s favor might be satisfied and where the inclusion of the trustee in the proceedings would most certainly facilitate and expedite their resolution.  Geddes, Neuberger, and now Greco agreed to serve as the trustee and assumed continuing obligations for a trust which was administered in Illinois and the trust assets of which were located in Illinois.  At the time each successor was appointed, the immediate Illinois proceedings against Kodsi and MG Capital had already commenced.  It should have occurred to these trustees that Kodsi’s assets, held by the Trust, would likely be subjected to the pending litigation and its eventual judgment.  As such, we find that requiring foreign trustees to litigate in Illinois in this instance would not offend traditional notions of fair play and substantial justice, and that doing so would be fair, just, and reasonable considering that their acts affect interests in Illinois.  
Rollins
, 141 Ill. 2d at 275.

Based on the record before us
, 
we hold that Neuberger as well as any trustees that may succeed it in its representative capacity as trustee of the GAMCREFK Trust are subject to the jurisdiction of the Illinois courts.  We therefore reverse the order of dismissal and remand this matter to the circuit court with the instruction that proceedings continue in accordance with our holding.  We also instruct the circuit court to grant plaintiff leave to join Greco as a defendant in his representative capacity as current trustee.

Reversed and remanded, with instructions.

QUINN, P.J., and THEIS, J., concur.