2019 IL App (3d) 170858

Opinion filed September 25, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | |
|---|---|
| PHILLIP McARDLE, as Successor Trustee of the Barbara M. McArdle Trust, | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois. |
|     Plaintiff-Appellee, | |
| and | |
| | Appeal No. 3-17-0858 |
| TAD CHRISTENSEN, as Trustee of the Raymond H. Christensen Irrevocable Trust and as Trustee of the Beverly J. Christensen Irrevocable Trust, | Circuit No. 17-CH-69 |
| | The Honorable |
|     Defendant-Appellant. | Lance R. Peterson, Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice O'Brien concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    After a real estate purchase agreement failed to close, the plaintiff, Phillip McArdle

(McArdle), in his capacity as trustee of the Barbara M. McArdle Trust (McArdle Trust), filed a

breach of contract and quiet title action against Tad Christensen (Christensen) in his

representative capacity as trustee of the Raymond H. Christensen Trust and Beverly J.

Christensen Trust (collectively, Christensen Trusts). A summons was issued, and substitute

service was completed at the address held out on earnest-money checks as that of the two Christensen Trusts. Christensen neither appeared nor responded, and a default judgment was entered. Christensen filed a motion to quash service of process, alleging that he was not properly served and that the circuit court never obtained personal jurisdiction over him. The circuit court disagreed and denied the motion; Christensen appealed.

¶ 2                                    I. BACKGROUND

¶ 3         On January 28, 2015, the McArdle Trust, through McArdle as trustee, entered into a contract to sell a 31.53-acre parcel of unimproved agricultural land to the Beverly J. Christensen Trust, through Christensen as trustee, for $197,063. Christensen did not list an address beneath his signature on the contract although a line was provided for that purpose. He did, however, sign two separate checks, one from each of the Christensen Trusts, each in the amount of $5000. Each check listed the address of the issuing trust as 7339 W. 154th Place, Orland Park, Illinois. More, specifically, the following information was printed in the upper left hand corners of the checks:

"Raymond H. Christensen Irrevocable Trust

Tad Christensen TRTEE

U/A 08/19/2003

7339 W. 154th Pl.

Orland Park, IL 60462"

"Beverly J. Christensen Irrevocable Trust

Tad Christensen TRTEE

U/A 08/19/2003

7339 W. 154th Pl.

Orland Park, IL 60462"

¶ 4        The sale was contingent upon the McArdle Trust obtaining a building permit, which required that the McArdle Trust have the property rezoned from agricultural to agricultural residential. In May 2015, the McArdle Trust was able to secure the rezoning. The closing date for the sale was eventually set for June 9, 2015.

¶ 5        No one appeared at closing from the Beverly J. Christensen Trust. It was not until September 9, 2015, that the attorney for the McArdle Trust was advised by letter from an attorney that the Beverly J. Christensen Trust was cancelling the sale due to alleged title deficiencies and was demanding the return of the earnest money. Plaintiffs refused to return the earnest money asserting the defendant was in breach and plaintiff would retain the earnest money pending an alternate sale.

¶ 6        The McArdle Trust relisted the property and eventually sold it at an auction for a reduced price. At the closing of that sale, the McArdle Trust learned that the Beverly J. Christensen Trust had placed a lien on the property, resulting in its loss of the sale.

¶ 7        Due to the failed sale, McArdle, as trustee of the McArdle Trust, filed a civil complaint against Christensen as trustee of the two Christensen Trusts. The complaint alleged breach of contract and sought to quiet title to the subject property.

¶ 8        Separate summons named Christensen, as trustee of each trust, at the aforementioned Orland Park address. Each affidavit of service stated that substitute service was executed on Beverly Buckley,[1] a 65-year-old white female, at that address on June 26, 2017. Each affidavit also recited that the Cook County Sheriff's deputy effecting service had informed Beverly

---

[1]Buckley is alleged to be the mother of Tad Christensen, the owner of the Beverly J. Christensen Irrevocable Trust, and the beneficiary of the Raymond H. Christensen Irrevocable Trust.

3

Buckley of the contents of the summons and had mailed a copy of the summons to the defendant at that same address.

¶ 9 After Christensen failed to respond to the complaint, McArdle filed a motion for default judgment. The circuit court granted that motion on September 1, 2017, after a hearing.

¶ 10 Christensen subsequently filed a motion to quash the service of process. His motion alleged that he had never resided at the address listed on the summons; rather, he lived with his girlfriend at 1900 Darien Club Road in Darien, Illinois. In response, McArdle argued that Christensen was not being sued in his individual capacity, so personal service on him was irrelevant. Rather, McArdle was suing the Christensen Trusts, which had the aforementioned Orland Park address of record.

¶ 11 The circuit court held a hearing on the motion to quash on December 8, 2017. In denying the motion, the court ruled that the trust was being sued in a representative capacity and that the proper place to serve the summons was at the trust's principal place of business.

¶ 12 Christensen appealed.

¶ 13                              II. ANALYSIS

¶ 14 On appeal, Christensen argues that the circuit court erred when it denied his motion to quash service of process. Specifically, he argues that McArdle was required to serve him at his residence—*i.e.*, under the provision of the Code of Civil Procedure (Code) addressing service of process on individuals (735 ILCS 5/2-203 (West 2016))—and that the failure to do so prevented the court from obtaining personal jurisdiction over him.

¶ 15 A judgment rendered without both personal jurisdiction over the parties and subject-matter jurisdiction over the litigation is void and can be attacked at any time. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308-09 (1986). The question of whether a circuit court obtained

4

personal jurisdiction over a party is a question of law that we review *de novo*. *In re Dar. C.*, 2011 IL 111083, ¶ 60.

¶ 16    Personal jurisdiction can be obtained either through a general appearance by the party or service of process according to statute. *Thill*, 113 Ill. 2d at 308. One manner in which service of process can be completed is through the use of a summons. *Thill*, 113 Ill. 2d at 308. Notably, the process provisions of the Code do not provide specific service requirements related to the type of trusts and trustees that are involved in this case. See 735 ILCS 5/2-201 to 2-213 (West 2016). Accordingly, the parties dispute which provision should apply to the service attempted on Christensen. Christensen claims the provision related to service on individuals should apply. McArdle counters by pointing to the provisions such as service on corporations and voluntary unincorporated associations and asks that this court determine through analogy that the service used in this case was proper. Resolving this dispute requires us to examine the nature of a trust.

¶ 17    The Trusts and Trustees Act defines a trust in a circular fashion: " 'Trust' means a trust created by will, deed, agreement, declaration or other written instrument ***." 760 ILCS 5/2 (West 2016). In relevant part, the Restatement (Second) of Trusts defines a trust as "a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Restatement (Second) of Trusts § 2 (1959). For purposes of litigation, "[a] written trust possesses a distinct legal existence that is recognized by statute [citation] and can sue or be sued *through its trustee in a representative capacity* on behalf of the trust." (Emphasis added.) *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005, 1010 (2005).

5

¶ 18    Because trusts are sued through their trustees in a representative capacity and there is no specific provision in the Code for serving the trust, it might be supposed that the appropriate means of service is to serve the trustee as an individual according to the provision of the Code that requires service on individuals at their usual place of abode. However, our supreme court has held, albeit in the context of property taxes levied against individuals and not in the context of service of process, that "[t]rustees are not considered in law to be individuals." (Internal quotations marks omitted.) *Hanley v. Kusper*, 61 Ill. 2d 452, 460 (1975). We, therefore, look to the sections of the Code prescribing the form of service on other legal entities that can sue and be sued.

¶ 19    The Code specifically prescribes service on private corporations (735 ILCS 5/2-204 (West 2016)); partnerships and partners (735 ILCS 5/2-205 (West 2016)); voluntary unincorporated associations (735 ILCS 5/2-205.1 (West 2016)); public, municipal, governmental and quasi-municipal corporations (735 ILCS 5/2-211 (West 2016)); and trustees of corporations or receivers (735 ILCS 5/2-212 (West 2016)). After a critical assessment of the nature of each of these entities, with particular attention to voluntary unincorporated associations as defined in section 2-209.1 (735 ILCS 5/2-209.1 (West 2016)) and receivers, we conclude that written financial trusts and their trustees generally, and the trusts in this case more specifically, do not fit comfortably into any of those organizational niches.

¶ 20    Although the trust is a legal entity, it is not an organization; it has no registered agent, no officers, and sometimes, as is apparently the case here, no employees. Similarly, the trustee in this case is not a business organization or institution, such as a bank, with employees and agents. There is only the single trustee who stands as the representative of the legal entity that is the trust. In such a circumstance and, again, in the absence of more definitive statutory direction, we

6

believe that service of summons on the trustee as an individual at the address of the entity being sued (the trust) is an appropriate method of giving notice to the trust that it is being sued, especially where, as here, the address of the trust is the only one that has been provided by the trustee.

¶ 21          In relevant part, sections 2-203(a) and (b) of the Code provide that an individual can be served a summons:

> "(a) *** by leaving a copy at the defendant's usual place of abode, with *** a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ***. The certificate of the officer or affidavit of the person that he or she has sent a copy in pursuance of this Section is evidence that he or she has done so. ***

> (b) [The return of the person making service] shall (1) identify as to sex, race, and approximate age the defendant or other person with whom the summons was left and (2) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant or other person." 735 ILCS 5/2-203(a), (b) (West 2016).

¶ 22    In this case, we have a hybrid situation—one that we believe to be a case of first impression because we have been unable to find other cases addressing this issue. Christensen is not being sued personally but, rather, as representative of the trust. The two checks signed by Christensen and delivered to McArdle expressly hold him out as the trustee and hold out "7339 W. 154th Pl., Orland Park, Illinois," as the address of the trust. Moreover, Christensen declined to provide any other address when given the opportunity to do so in the contract to purchase. The Orland Park address was an appropriate place for service.

¶ 23    As to the *method* of service, in the absence of a registered agent, officers, or employees who can act as agent, leaving process with an adult over the age of 13 found at the address also seems appropriate. See 735 ILCS 5/2-203(a) (West 2016).

¶ 24    The return of service affidavit recites compliance with the other requirements of informing the person of the contents of the summons and mailing a copy to the address of the trust. The return also documents the server's compliance with the requirements in subsection (b). See 735 ILCS 5/2-203(b) (West 2016).

¶ 25    In light of the foregoing, we find service of process on Christensen was proper and effective. The trial court did not err in so finding and did not err in sustaining the default judgment against the defendants.

¶ 26    The judgment of the circuit court of Grundy County is affirmed.

¶ 27    Affirmed.

No. 3-17-0858

| | |
|---|---|
| **Cite as:** | *McArdle v. Christensen*, 2019 IL App (3d) 170858 |
| **Decision Under Review:** | Appeal from the Circuit Court of Grundy County, No. 17-CH-69; the Hon. Lance R. Peterson, Judge, presiding. |
| **Attorneys for Appellant:** | Brett R. Geiger, of Malmquist, Geiger & Durkee LCC, of Morris, for appellant. |
| **Attorneys for Appellee:** | Amanda N. King, of Hynds, Yohnka, Bzdill & McInerney, LLC, of Morris, for appellee. |