**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220406-U

Order filed November 28, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THUY ANH DIN LE, as Trustee of Kensington Trust, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| GABI SIMIRICA; VALERIAN SIMIRICA; CIT SMALL BUSINESS LENDING CORPORATION; ASSET ACCEPTANCE, LLC; CAVALRY PORTFOLIO SERVICES, LLC as Assignee of Cavalry SPV I, LLC; CAPITAL ONE BANK (USA) NATIONAL ASSOCIATION; URBAN PARTNERSHIP BANK; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-22-0406 Circuit No. 17-CH-717 |
| Defendants | ) ) | Honorable Anne Therieau Hayes, |
| (Gabi Simirica, Defendant-Appellant[1]). | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Davenport concurred in the judgment.

_____

[1]Although various defendants are named below, only defendant Gabi Simirica appeals.

**ORDER**

¶ 1   *Held*:   Plaintiff has standing and capacity to bring the foreclosure action. Entry of summary judgment was improper because there is an issue of material fact regarding compliance with a condition precedent. Plaintiff's Rule 113 affidavit was proper. There is no material issue of fact regarding the amount of default.

¶ 2   Defendant, Gabi Simirica, appeals the Du Page County circuit court's orders granting plaintiff, Thuy Anh Din Le, as trustee of Kensington Trust, summary judgment of foreclosure and approving sale. Defendant argues that the court erred by granting summary judgment because (1) plaintiff lacked standing and capacity to sue when she initiated the foreclosure, (2) plaintiff failed to comply with a condition precedent, (3) plaintiff failed to furnish a proper affidavit, and (4) a question of fact regarding the amount due and owing remained. She argues that the court erred by approving the sale because justice was not otherwise done. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4   Kensington Trust filed a complaint on May 10, 2017, and later an amended complaint against defendant seeking to foreclose on a mortgage. The amended complaint was amended to name Le as the plaintiff in her capacity as trustee of Kensington Trust. The complaint alleged that (1) defendant was the mortgagor, (2) MidAmerica Bank was the mortgagee, (3) the mortgage was recorded, (4) plaintiff was the holder of the indebtedness secured by the mortgage and had the right to foreclose, and (5) defendant was in default with a balance of $162,386.32, plus interest, costs and fees. The complaint also alleged that true copies of the mortgage, note, and assignments were attached thereto. The assignments and allonges to the note showed that the mortgage was assigned and the note made payable to Kensington Trust on November 12, 2015. Defendant admitted the allegation that true copies of the documents were attached. The mortgage provided that notice "shall be deemed to have been given *** when mailed by first class mail or

2

when actually delivered to [defendant's] address if sent by other means." It further provided that notice shall be given to defendant prior to acceleration following defendant's breach and that certain information is required to be contained in the notice. In a verified amended answer, defendant included a special denial of implied allegation which stated that "[o]n information and belief, based upon non-receipt, Kensington Trust *** failed to provide *** proper notice that a failure to cure the alleged defaults might result in foreclosure." Defendant further alleged that she was denied the good faith opportunity to avoid acceleration and foreclosure and that the failure to provide the proper acceleration notice required dismissal of the foreclosure action.

¶ 5        Plaintiff filed a motion for summary judgment that argued she was entitled to judgment because defendant defaulted under the note. Plaintiff attached an affidavit from Sheila White, which stated she was the vice president of Allied Servicing Corporation, the servicing agent for plaintiff, as trustee of Kensington Trust. White's affidavit stated she was competent to testify to the matters therein based upon her personal knowledge and review of business records. White was familiar with Allied's business and modes of operation relating to the mortgage loans that it serviced, including defendant's. White received training on Modus, the software system used by Allied. Modus was recognized as standard in the industry for recording and tracking mortgage payments and for determining how much was due on a mortgage at any given time. Allied used Modus to automatically record and track payments. Those records were created contemporaneously with the transactions. Additionally, if a loan was transferred from a prior servicer, the prior servicer's business records were relied upon as correct and integrated into the business record. Based on White's review of business records, a notice of intent to accelerate had been sent to defendant by first class U.S. mail in a properly addressed envelope with postage

3

prepaid. The notice of intent was attached to White's affidavit and it indicated that it was sent "1ˢᵗ Class/Certified Mail-Return Receipt."

¶ 6    Plaintiff also filed a motion for judgment of foreclosure and sale, which attached an affidavit from Melissa Bolling setting forth the amount due on the loan. The affidavit stated that Bolling was Allied's president and loan servicing manager. Bolling was competent to testify to the facts contained in the affidavit. Allied was plaintiff's servicing agent for defendant's loan. Bolling was familiar with the record systems that Allied used to create and record information related to mortgage loans that it serviced, including the process by which information was entered into the systems because Bolling used the systems on a regular basis. At the time Allied acquired the servicing rights for defendant's loan, the loan was delinquent. Business records from the prior servicer were integrated into Allied's systems, as was Allied's practice. Allied maintained quality control and verification procedures in integrating such records. Bolling's calculation of the amount due was based on a review of the records attached to her affidavit, and included an account history, loan master report, and borrower state of account. Allied used Modus to automatically record and track mortgage payments. Modus is a program that is recognized as standard in the industry. When payment is received, it is entered into Modus at or near the time of payment and Modus automatically calculates the amount due. The record is made in the regular course of Allied's business. No payments were received for defendant's loan since Allied began servicing the account. Bolling stated the amount due on the note, included finance charges and late fees that were capitalized on the loan balance per the terms of the note.

¶ 7    Defendant filed a cross-motion for summary judgment. She argued that plaintiff lacked standing because the allonge to the note conveying it to Kensington Trust was dated after the trust was executed and thus was not made part of the trust corpus by the trust agreement.

4

Additionally, she argued that plaintiff testified she was unaware of whether she ever accepted property into the trust or how one would transfer property to the trust. Defendant therefore argued that plaintiff did not have an interest in the debt and lacked standing. Defendant further argued that plaintiff lacked capacity to sue because she did not recall receiving a letter of direction from the beneficiaries to file suit, hiring a law firm, or the name of the law firm hired to represent her. Defendant argued that plaintiff was a strawman on behalf of her uncle and that the trust was illusory. Last, defendant argued that plaintiff failed to comply with conditions precedent to bringing suit. Specifically, that plaintiff failed to give notice by first class mail, as required by the mortgage. Defendant argued that in her amended answer she alleged that on information and belief plaintiff failed to provide proper notice based upon nonreceipt. Additionally, although White's affidavit says the notice was provided by first class mail, the attached document stated it was by "1st Class/Certified Mail-Return Receipt." Defendant argued that no record indicating the actual method of sending or evidencing that the notice was actually sent was included with White's affidavit. Further, White's unsupported conclusions should have been stricken.

¶ 8　　　Defendant also filed a motion to strike Bolling's affidavit, arguing that it did not establish the foundation required for admission of documents under the business record exception because it consisted of unsupported assertions. Defendant also argued that the affidavit failed to show how Modus was recognized as standard in the industry or that the inputs were made at or near the time the activity occured. Defendant further argued that plaintiff's deposition raised questions as to whether Allied was the loan servicer. Last, defendant argued that the affidavit failed to contain information regarding the amount the loan was in default at the time Allied

became the servicer, as required by Illinois Supreme Court Rule 113(c)(4). Ill. S. Ct. R. 113(c)(4) (eff. Dec. 1, 2020).

¶ 9        Defendant's response to plaintiff's motion for summary judgment again argued Bolling's affidavit was deficient, plaintiff failed to comply with a condition precedent, and plaintiff lacked standing and capacity. Defendant also argued that a factual question remained as to the default. Specifically, she argued that despite the note providing that finance charges would be computed each billing cycle, no finance charges or late fees were assessed from 2008 to July 20, 2015, but then on July 21, 2015, there were two entries labeled "[d]raw" for the same amounts Bolling attested were finance charges and late fees. Thus, defendant argued there is a material question of fact as to the amount of default. She alternatively argued that if there was no question of fact, the amounts were improper, such that plaintiff should not be awarded those amounts.

¶ 10        Plaintiff's reply argued that there was no genuine issue of fact regarding the amount due. Specifically, plaintiff asserted that it was undisputed defendant failed to make payments during the repayment period of the note. Additionally, the finance charges in the note referred to accrued interest and the note provided for the calculation of such. Per the note, the finance charges and late fees were added to the loan balance. Bolling's affidavit explained that the two entries marked as draws were the assessment of the finance charges and late fees. Plaintiff argued that the trust obtained its interest in the loan after the draw period ended and was unable to produce the monthly loan statements sent by its predecessor. However, this did not create an issue of fact or prevent the trust from collecting those amounts. Plaintiff pointed out that defendant failed to submit a counter-affidavit or other evidence to dispute the facts contained in the Bolling affidavit, which required the court to accept the affidavit as true.

¶ 11    In response to defendant's cross-motion for summary judgment, plaintiff argued that she had standing because she attached the mortgage, endorsed note, and assignments showing that the note was endorsed to the trust, meaning the note was payable to the trust. Additionally, plaintiff cited caselaw indicating that the attachment of the note to a complaint is *prima facie* evidence that a plaintiff owns the note and if the note and the mortgage are introduced, the burden shifts to the defendant to prove an affirmative defense. Plaintiff also noted that just because the note was not assigned until after the trust was created did not mean it was not later transferred to the trust and the endorsement on the note's allonge shows it was placed into the trust. Plaintiff next argued that she had capacity to file suit because there was no legal basis for defendant's argument that a trustee, acting at the direction of the beneficiary, makes a trust invalid. Additionally, she argued that the elements for a valid trust were met such that she, as trustee, had legal capacity to proceed. Last, plaintiff argued that the notice was properly sent. She argued that White's affidavit stated the notice was sent by first class mail. Plaintiff also attached an affidavit from Bolling which stated that, based on her review of business records, the notice was sent to defendant in a properly addressed envelope with postage prepaid. It was sent by both first class mail and certified mail. A copy of the notice of intent was attached to the affidavit.

¶ 12    Plaintiff filed a response to defendant's motion to strike Bolling's affidavit in which she argued that Bolling's affidavit was modeled after the form affidavit for Illinois Supreme Court Rule 113. Additionally, she argued that the affidavit established Bolling's personal knowledge and ability to attest to the facts necessary to lay the foundation for the documents attached thereto to be considered admissible business records. Plaintiff also argued that the affidavit substantially complied with the Rule 113 form affidavit and the amount by which the loan is in default at the time the loan is transferred to a different servicer is not required by the rule.

¶ 13　　　　Defendant filed a reply in support of her cross-motion for summary judgment. She argued that even if plaintiff presented a *prima facie* case for standing, it lost its presumptive effect once she presented evidence contesting standing. Defendant argued that she had presented such evidence, including the trust agreement indicating that real property was to be added to the trust corpus and the note was not real property. She also argued that she presented evidence that the trustee, Le, was unaware if she ever accepted property into the trust. Defendant argued that because plaintiff could not have taken possession of the note under the terms of the trust agreement, she had no interest in the note and therefore lacked standing. Defendant reiterated her argument that plaintiff lacked capacity to sue because the trust was illusory as Le was "nothing more than a rubber stamp" for the purported beneficiary. She also argued that plaintiff failed to prove she sent a proper notice of default because neither White nor Bolling's affidavits offered any business record or other corroborating evidence to establish that the notice letter was sent. Defendant further argued that Bolling's affidavit contained the same self-serving conclusions as White's, which were not permitted under supreme court rules. Additionally, defendant argued that Bolling's affidavit stated the letter was sent by certified mail but the tracking number located on the notice letter returned no results when searched in the postal service's database. She attached her attorney's affidavit attesting to the search result, as well as a copy of the result. Defendant also filed a reply in support of her motion to strike.

¶ 14　　　　Following a hearing, the court denied defendant's motion to strike Bolling's affidavit and cross-motion for summary judgment and granted plaintiff's motion for summary judgment. The court entered a judgment of foreclosure and sale. After the sale, plaintiff filed a motion for order approving report of sale, distribution and eviction. Defendant filed a response arguing that the sale should not be confirmed because justice would not otherwise be done. Defendant again

8

argued that plaintiff lacked standing and capacity and that plaintiff failed to comply with the condition precedent regarding notice of default. The court granted plaintiff's motion and entered an order approving the report of sale and distribution and confirming the sale and eviction order. Defendant appeals.

¶ 15                                                    II. ANALYSIS

¶ 16        Defendant presents largely the same arguments as she did before the circuit court. She argues that the court erred by granting summary judgment in plaintiff's favor and denying her cross-motion for summary judgment because (1) plaintiff lacked standing, (2) plaintiff lacked capacity to sue, (3) plaintiff failed to comply with a condition precedent regarding notice of default, (4) plaintiff failed to provide a proper Illinois Supreme Court Rule 113 affidavit, and (5) a question of fact remained as to the amount of default.

¶ 17        "Summary judgment should be granted only where the pleadings and supporting documents, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law." *Sandlin v. Harrah's Illinois Corp.*, 2016 IL App (3d) 150018, ¶ 10. "Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt." *Id.* "[A]llegations made on information and belief by an adverse party are insufficient, for they are not equivalent to averments of relevant facts but rather put in issue only the pleader's information and belief and not the truth or falsity of the 'facts' referred to." *Fooden v. Board of Governors of State Colleges and Universities*, 48 Ill. 2d 580, 587 (1971). Where well alleged facts, contained in an affidavit, "are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse

9

party's pleadings which merely purport to establish *bona fide* issues of fact." *Id.* The circuit court's decision on summary judgment is reviewed *de novo*. *Rosestone Investments*, *LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 18                                        A. Standing

¶ 19        "A mortgage assignee has standing to bring a foreclosure action." *Id.* ¶ 24. Here, the documents attached to the complaint and to the motion for judgment of foreclosure and sale show that Kensington Trust was the assignee of defendant's mortgage. Defendant admitted that these documents were true and correct. Therefore, Kensington Trust, through its trustee, had standing to bring the foreclosure action.  See *id.*; *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 11 ("CitiMortgage's possession of the original note together with the assignment of the mortgage, which was assigned 'together with the Note,' is *prima facie* proof that it is entitled to foreclose the note and mortgage."). Defendant's motion for summary judgment on this ground was properly denied and likewise the argument regarding standing did not provide a basis to deny plaintiff's motion for summary judgment.

¶ 20                                        B. Capacity

¶ 21        A trust "can sue or be sued through its trustee in a representative capacity on behalf of the trust." *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005, 1010 (2005). Defendant argues that plaintiff lacked capacity because she acted as a strawman for the trust beneficiary rendering the trust illusory. However, defendant fails to cite any authority supporting the proposition that a trustee acting at the direction of a beneficiary renders the trust illusory or otherwise affects the trustee's capacity to sue on behalf of the trust. Further, defendant does not argue that plaintiff was not the trustee or that the steps required to create the trust were not followed. Therefore, there is no issue of fact as to the existence of Kensington Trust or plaintiff's position as trustee thereof. As such,

there is no genuine issue of fact as to plaintiff's capacity, as trustee of Kensington Trust, to sue on behalf of Kensington Trust. See *id.* Thus, defendant's motion for summary judgment on this ground was properly denied and likewise the argument regarding capacity did not provide a basis to deny plaintiff's motion for summary judgment.

¶ 22                    C. Condition Precedent

¶ 23        Defendant contends that plaintiff failed to establish that she gave proper notice of intent to accelerate which is a condition precedent to plaintiff's right to foreclose on the mortgage. Per the mortgage, notice is deemed to have been given when mailed by first class mail or when actually received if sent by other means. Defendant argues that she alleged in her verified answer that, upon information and belief, based on non-receipt, the notice was not properly provided. In support, she argues that although the notice of intent was attached to White's and Bolling's affidavits and they both stated that the notice was sent by first class mail, the notice itself does not provide proof it was mailed and the affidavits are conclusory in this regard in contravention of Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). Plaintiff responds that this argument was forfeited because defendant's denial of proper notice was made on information and belief rather than being supported by specific facts. She further responds that White's and Bolling's affidavits establish the notice was properly sent.

¶ 24        Initially, we note that although defendant's denial, contained within her verified answer, that plaintiff complied with the notice requirements was partially based upon information and belief, the denial states that the basis for the belief was nonreceipt. Thus, defendant alleged a specific fact in support of her denial that notice was properly sent—that she did not receive it. Thus, we do not consider this argument forfeited.

11

¶ 25    Providing proper notice of intent to accelerate was a condition precedent to plaintiff's right to maintain a foreclosure action. See *Credit Union 1 v. Carrasco*, 2018 IL App (1st) 172535, ¶ 15. Plaintiff does not dispute this point but rather argues that she complied with the condition precedent. Per the mortgage, notice is deemed to have been given when mailed by first class mail or when delivered if sent by other means. Defendant, in a verified answer, denied receipt of the notice. Similar to the clause deeming notice to have been given when mailed by first class mail, there is a presumption of receipt when there is " 'proof that the item was contained in the properly addressed envelope with adequate postage affixed and that it was deposited in the mail.' " *Id.* ¶ 17 (quoting *Tabor & Co. v. Gorenz*, 43 Ill. App. 3d 124, 129 (1976)). The presumption may also be based upon evidence of an office custom as to mailing along with corroborating evidence to establish the custom was followed in the particular matter. *Tabor & Co.*, 43 Ill. App. 3d at 129-30. Although the presumption, if properly invoked, could be rebutted, resulting in the issue being a factual question for the trier of fact (see *Carrasco*, 2018 IL App (1st) 172535, ¶ 17), we need not decide whether defendant's mere denial of receipt is sufficient to rebut the presumption because the presumption was not properly invoked.

¶ 26    Pursuant to the mortgage, to invoke the presumption, plaintiff needed to present proof that the notice was properly mailed to defendant by first class mail. Plaintiff argues she provided such proof through the copy of the notice of intent and the affidavits from White and Bolling. However, as argued by defendant, the affidavits from White and Bolling contain conclusions that the notice was properly addressed, with postage prepaid, and deposited in the first class mail rather than facts evidencing that it was properly mailed. This is improper and insufficient under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013), which requires "personal knowledge of the affiants," provides that affidavits "shall not consist of conclusions but of facts admissible in

12

evidence," and requires "copies of all documents upon which the affiant relies" to be attached to the affidavit. Neither Bolling nor White provided facts indicating that they were personally involved in the mailing of the notice, identifying which business records they relied upon to determine that the notice was actually mailed with proper postage, or setting forth the office custom as to mailing. The only document attached to their affidavits—the notice of intent— contained words that it was sent by first class mail and certified mail/return receipt but did not contain proof that proper postage was attached or that it was deposited in the mail. Nor did plaintiff attach the purported "business records" relied upon by White and Bolling. As the affidavits were insufficient, the only proper evidence was the notice itself, which again did not contain proof that it was actually mailed. Thus, there remains questions of material fact as to whether the notice was actually sent by first class mail and/or whether it was actually delivered to defendant. Because these questions of fact remained, summary judgment in favor of plaintiff was improper and must be reversed. See *Carrasco*, 2018 IL App (1st) 172535, ¶ 21 (determining that a question of fact remained and summary judgment was improper where a notice of acceleration was required, defendant certified she did not receive such notice, and defendant only submitted a copy of the acceleration notice without any proof it had been mailed). Additionally, until the question of fact as to whether notice was properly provided is resolved, the trial court could not properly approve the judicial sale of the property in question and therefore, the order approving the report of sale must be reversed. See *id.* ¶ 22.

¶ 27                                   D. Rule 113 Affidavit

¶ 28         Defendant argues that summary judgment should not have been granted because Bolling's prove-up affidavit regarding the amounts due and owing failed to comply with Illinois Supreme Court Rule 113(c) (eff. Dec. 1, 2020). Defendant argues that the affidavit failed to

13

provide a proper foundation for the records attached thereto and consisted of improper conclusions rather than factual assertions. Rule 113(c)(2) provides that affidavits submitted in support of entry of a judgment of foreclosure shall contain:

"(i) The identity of the affiant and an explanation as to whether the affiant is a custodian of records or a person familiar with the business and its mode of operation. If the affiant is a person familiar with the business and its mode of operation, the affidavit shall explain how the affiant is familiar with the business and its mode of operation.

(ii) An identification of the books, records, and/or other documents in addition to the payment history that the affiant reviewed and/or relied upon in drafting the affidavit, specifically including records transferred from any previous lender or servicer. The payment history must be attached to the affidavit in only those cases where the defendant(s) filed an appearance or responsive pleading to the complaint for foreclosure.

(iii) The identification of any computer program or computer software that the entity relies on to record and track mortgage payments. Identification of the computer program or computer software shall also include the source of the information, the method and time of preparation of the record to establish that the computer program produces an accurate payment history, and an explanation as to why the records should be considered 'business records' within the meaning of the law." Ill. S. Ct. R. 113(c)(2) (eff. Dec. 1, 2020).

¶ 29 Here, Bolling's affidavit stated her position with Allied and how she was familiar with its mode of operation based upon her employment duties. The affidavit identified the documents

14

Bolling reviewed and relied upon in drafting the affidavit and attached those records to the affidavit. Bolling further averred that records from a prior loan servicer were integrated into Allied's systems and were part of Allied's business records. She stated that Allied employed quality control and verification procedures when integrating records from prior loan servicers. Bolling's affidavit identified the computer program Allied uses to record and track mortgage payments. Bolling stated that the program was standard in the industry and explained how entries are made into the program at or near the time of the activity being recorded. Contrary to defendant's arguments, the affidavit satisfied the requirements of both Rule 113 and 191 in regards to content and foundation. See *US Bank*, *National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶¶ 7, 22-27, 29-30 (finding that an affidavit, containing averments similar to Bolling's affidavit, was sufficiently based upon facts within the personal knowledge of the affiant and that the affidavit satisfied the foundational requirements for admission of the records attached thereto as business records).

¶ 30        Defendant also argued that the affidavit failed to include information required by the form affidavit provided for in Rule 113. Specifically, that it failed to provide the amount by which the loan was in default at the time the loan was transferred to Allied for servicing. However, the affidavit need only substantially comply with the form provided for in Rule 113. See *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 81 (rejecting a similar argument and stating "we note that this particular information is not explicitly required by the text of Rule 113 itself *** , and reiterate that US Bank was only under an obligation to 'substantially' adopt the content of the form provided"). Based on the foregoing, the court properly denied defendant's motion to strike Bolling's affidavit and properly considered it and the documents attached thereto.

15

¶ 31                                 E. Amount of Default

¶ 32        Defendant argues that summary judgment was not proper because a question of fact

remained as to the amount of default. Specifically, she argues that the contract provided for the

computation of finance charges for each billing cycle but the documents did not show any late

fees or finance charges from 2008 through July 20, 2015; however, on July 21, 2015, there were

entries labelled "[d]raw" in the amounts that Bolling attested were late fees and finance charges.

Defendant provided no evidence or argument that the amounts Bolling attested to were

inaccurate. Thus, there is no material issue of fact related to the amount of default and

defendant's argument in this regard did not preclude entry of summary judgment in favor of

plaintiff. See *e.g.*, *Fooden*, 48 Ill. 2d at 587 (providing that if an affidavit's well alleged facts are

not challenged by counteraffidavit, they must be accepted as true).

¶ 33        Based on the foregoing, we reverse the circuit's order granting summary judgment in

favor of plaintiff due to an issue of material fact regarding compliance with the condition

precedent. We necessarily also reverse the court's order approving the report of sale and

distribution and confirming the sale and eviction order. We otherwise uphold the circuit court's

rulings. We therefore remand for further proceedings.

¶ 34                                 III. CONCLUSION

¶ 35        The judgment of the circuit court of Du Page County is reversed and remanded for

further proceedings.

¶ 36        Reversed and remanded.